## WILSON v. SMITH et al.

1. Bond: FOR INDEMNITY: RIGHT OF ACTION. The obligee in an indemnity bond conditioned to save him harmless from any *damages,* cannot maintain an action thereon until he has, by the payment of the judgment against him, been damaged.  But it seems if the bond is conditioned to save him from all *liability,* that he might maintain an action without paying the judgment.

2. —— PAYMENT BY NOTE. Payment of the judgment in the first class of cases may be made otherwise than in money.  It may be made in the note of the obligee, and thereupon he or his assignee may maintain an action upon the bond.

*Appeal from Dubuque District Court.*

TUESDAY, OCTOBER 22.

ACTION on a bond of indemnity.   Johnson and Stevens sued Butler in the District Court of Dubuque county,

Wilson v. Smith.

and obtained an attachment, which was levied upon certain horses, part of a circus establishment. The plaintiffs in that action, with Platt Smith as their surety, executed to John Ricketts, sheriff of the county, a bond conditioned that they should "indemnify and save harmless the said John Ricketts from any damages he may sustain by reason of his levying on said property, or any part, by virtue of such levy, etc." An action was afterward brought by one Nutter against the said Ricketts, claiming a part of the horses attached, as his property, and he recovered judgment therein for five hundred and thirty-two dollars. That judgment was assigned by Nutter to the plaintiff in this action. This plaintiff, David S. Wilson, then took from Ricketts his promissory note for the amount of the judgment against him, and entered satisfaction of the judgment upon the records. Ricketts then assigned the indemnity bond to Wilson, and this suit is brought by him thereon.

There was a jury trial; verdict and judgment for plaintiff for the full amount of the recovery by Nutter against Ricketts, with interest. The defendants moved for a new trial, which was overruled, and they appeal.

*B. W. Poor* for the appellant.

*John Doud* and *Griffith & Knight* for the appellee.

The court below erred in rejecting the evidence of the insolvent Ricketts.

The bond sued on is conditioned that the obligors should indemnify and save harmless the obligee from any damages he may sustain by reason of his levying on said property, etc. There are two classes of indemnity bonds, one conditioned to save the obligee harmless from any damages, the other to save him from any liability. Upon

the latter class, action may be maintained without first paying the judgment (*Chase* v. *Inmann*, 3 Wend. 452), while upon the former no action can be maintained until the obligee has paid the judgment. *Scott* v. *Tyler*, 14 Barb. 202; *Campbell* v. *Jones*, 4 Wend. 306; *Churchill* v. *Hunt*, 3 Denio, 321; *Gilbert* v. *Wyman*, 1 Comst. 550. The case last cited discusses the whole subject and reviews the authorities in New York, and holds distinctly, that, on a bond to save harmless from damage, no action can be maintained without proof of the payment of the judgment. Courts of law can only give compensation for actual loss. Sedgwick on Damages, 311, 312, 314, 317, 318. The mere fact, that the demand has changed form by having passed into a judgment, is not enough. *Rockfeller* v. *Donnelly*, 8 Cow. 623, 639. For proof of payment in this case, the plaintiff relied upon the fact, that the judgment of Nutter against Ricketts was paid to Wilson, the holder of the same by assignment from Nutter, by the promissory note of Ricketts for the amount of the judgment, payable one day after date, and the same was given and received in full payment and satisfaction of the judgment. An agreement to receive a promissory note, as payment, means *prima facie* conditional payment, to be in full when paid. *Herring* v. *Sanger*, 3 Johns. 71; *Harris* v. *Lindsay*, 4 W. C. C. 98, 271. Following the common law rule, that an accord or other executory stipulation was incapable of satisfying an executed contract. The exceptions to this rule, which are chiefly the fruit of the commercial law and of modern liability, only apply when the parties agree, that the new agreement shall discharge the old, of itself, and irrespective of its performance. 2 American Leading Cases (4th ed.) 247, and authorities there cited. The evidence in this case stops far short of the rules of the common law, and is wanting in this, that it does not show, that it was

agreed, on the part of Wilson, that he would receive the promissory note and take the risk of its future payment; the evidence offered, and rejected by the court, was material to show that the note was worthless, Ricketts being insolvent at the time it was given, and has remained so ever since. To hold, that the cancellation of a judgment by the giving of a promissory note of an insolvent, due one day after date, and not negotiable under circumstances clearly indicating that it was not expected that the same would ever be paid, is a clear violation of the rule, that the plaintiff is entitled to damages commensurate with the injury sustained. It is only exchanging one form of liability for another of a lesser nature.

A promissory note given for an antecedent debt is not payment unless there is an express agreement to accept it in payment, and take the risk of the solvency of the maker. *Toby* v. *Baxter*, 5 Johns. 68, 72; 2 American Leading Cases (4th ed.) 246, 247; *Cummings* v. *Hackley*, 8 Johns. 202.

COLE, J. — I. In the progress of the trial, the defendant offered to prove that Ricketts was insolvent at the time he gave his note to the plaintiff, and for which the plaintiff entered satisfaction of the judgment of Nutter against Ricketts, and that he continued to be insolvent thereafter. This evidence was objected to by the plaintiff and excluded by the court; such ruling is now assigned as error.

*1. BOND: for indemnity: right of action.*

It is true, as claimed by defendant's counsel, that there are two classes of indemnity bonds; one, conditioned to save the obligee from any damages, and the other, to save him from any liability.

The bond in this case is of the class first named, and no right of action exists thereon until the obligee by the

payment of the judgment or some part thereof has been damaged. The right of action upon the other class of bonds would accrue without paying the judgment. It is laid down in Parsons on Contracts (vol. 3, p. 185) that no action can be maintained by the obligee upon the first, named class of obligations, before paying the debt or liability, unless he can show that he has given his own notes, or made other arrangements in the way of acknowledging and securing the debt, which are equivalent to its payment.

If the plaintiff had taken from Ricketts his promissory note in payment and satisfaction of the judgment, it would be wholly immaterial whether Ricketts was insolvent or not, and if he had not so taken it, of course the evidence would be immaterial. There was no error therefore in excluding the evidence offered, since it was immaterial in any event.

II. The court, at the instance of the plaintiff, instructed the jury that if they believed from the evidence "that Ricketts had paid the judgment, either by giving his note for the amount or otherwise, etc., * * then plaintiff was entitled to recover;" and also modified the instruction asked by defendants so as to express the same rule as to payment by note.

2. ——payment by note.

The defendants excepted to the giving of the plaintiff's and the modification of the instructions as asked by them. The rule of law, as given by the court, is fully sustained by the authorities. See 3 Parsons on Contracts, 185, cited above, and also *Lyon* v. *Northrup*, 17 Iowa, 314.

III. It is claimed that the verdict was contrary to the evidence, because the jury did not allow defendants' set-off as pleaded by them. Upon that the evidence was conflicting, and, besides, the verdict does not seem to us to be against the weight of the evidence.

Affirmed.