## Goodel vs. Bennett.

1. Where B. deeded land to C., with full covenants, which was afterwards ceded by C. to the U. S., and purchased of the latter by B., the covenants were extinguished.

2. Plaintiff, who took a conveyance of the land from C., after he had ceded it to the U. S., could not set up an estoppel against B. by virtue of said covenants, nor did B.'s subsequently acquired title enure to his benefit.

APPEAL from the Circuit Court for *Calumet* County.

Ejectment, for a part of " lot one hundred and thirty-one of the Stockbridge Reservation, in the town of Stockbridge." The plaintiff's evidence was as follows : 1. Patent for said lot, from the United States to one Jacob Davids, dated October 8, 1860.  2. Deed of the premises from the defendant to one Howe, December 6, 1851, duly recorded ; containing covenants of seizin and warranty and against incumbrances.  3. Warranty deed from Howe to one Denell, June 13, 1853.  4. Warranty deed from Denell to John N. Chicks, August 22, 1853.  5. Letters of administration upon the estate of said John N. Chicks, deceased, issued September 18, 1861, and records of the county court showing a sale of the premises in due form by the administrator to the plaintiff, to pay the debts of said estate, which sale was confirmed by said court.  6. The administrator's deed to plaintiff, in pursuance of such sale, September 13, 1862.—It was admitted that Jacob Davids, the patentee, was dead ; and plaintiff offered to prove the conveyance of said land by Davids in his life-time, in 1846, and that the title thus conveyed vested, through several *mesne* conveyances, in defendant *before* the latter conveyed to Howe, in 1851.  This evidence was ruled out as immaterial.  The court, on defendant's motion, nonsuited the plaintiff, on the ground that by the treaty of 1856 between the United States and the Stockbridge Indians, said land was conveyed by John N. Chicks to the United States.

The plaintiff appeals from the judgment.

*D. W. C. Priest,* for appellant :

1. Title to the land did not pass from Chicks to the United States by the treaty of 1856.  (1.) That treaty was with the tribes and not the individuals, and only tribal interests were affected.  (2.) The land in question was then owned in fee by a citizen.  (3.) Chicks signed the treaty as counsellor, if

at all, and in no other capacity. 2. The court should have taken judicial notice of the act of 1843 in relation to said tribe, and the treaty of 1848, and admitted the proof offered showing a conveyance from the allottee under said act (Davids) to defendant. 3. Defendant was estopped by the covenants in his deed, from disputing plaintiff's title, and any title subsequently acquired by defendant enured to plaintiff's benefit. 1 Johns. Cas., 81; 19 Johns., 201; 13 id., 316; 1 Cow., 613; 1 Paige, 445; 3 Barb. Ch., 528. 4. The patent given in evidence could not *convey* the land, because the title had passed by the act of 1843, and treaty of 1848; and it was only intended in *confirmation* of the title.

*Gillett & Conklin*, for respondent. [No brief on file.]

DIXON, C. J. There can be no question but that the title, whatever it was, of John N. Chicks, deceased, passed to the United States under the treaty of February 5, 1856. He was a party to the treaty, and signed and sealed the same. *Treaty with the Stockbridges and Maumees*, 11 U. S. Statutes at Large, 664, (Art. 1), and 668. Chicks having, then, no title at the time of his decease, the plaintiff took nothing by his deed from the administrator of Chicks' estate. The plaintiff was properly nonsuited on this ground. The fact that Chicks, at the time of the treaty, claimed title through divers *mesne* conveyances from the defendant in this action, who had conveyed the land with covenants of seizin and warranty, and the further fact that the defendant now again claims title to the land through the United States under a patent issued since the making of the treaty, do not affect the question. They constitute no ground of estoppel against the defendant. The covenants ran with the land to the United States, when it was ceded by Chicks under the treaty, and have thence passed by conveyance of it back to the defendant, and are thus extinguished. The plaintiff,

by having taken a conveyance from an intermediate grantee after such grantee had parted with his title, is in no condition to insist upon an estoppel, or that the subsequently acquired title of the defendant enures to his benefit.

*By the Court.*—Judgment affirmed.