*Judgment reversed.*

LAZARUS SILVERMAN

*v.*

MASON B. LOOMIS.

*Filed at Ottawa September 27, 1882.*

1.  COVENANTS—CONTRACTS—*cancellation of corresponding covenants each to the other.*   Where A conveys to B land upon which there is an incumbrance of record, with covenants against incumbrances and of warranty, and B subsequently reconveys to A with like covenants, the several conveyances between them will, by operation of law, cancel or extinguish the covenants in B's deed as to all incumbrances covered by A's deed to B, to avoid circuity of action.   In such case the law construes such covenants as mutu-

ally canceling each other, so that no action can be maintained by either of the parties or their assigns.

2. PURCHASER—*rights and liabilities as to prior covenants.* Where a grantee in a deed covenants therein to take up and surrender certain notes to a third person as a part payment of the consideration, and subsequently conveys the premises by quitclaim deed, his grantee will take the land burdened with this covenant, and in equity will be required to perform the covenant. The assignee of a grantee can not recover on a covenant made by the grantor of the latter, where, by reason of matter apparent upon the record of deeds in the line of his title at the time of the assignee's purchase, the grantee himself could not have recovered. The assignee in such case occupies no better position than the original covenantee through whom he claims.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.

The facts material to a proper understanding of this case are, in substance, as follows: On the 10th of May, 1871, Eben F. Runyan, being the owner in fee of a certain lot of ground in Chicago, Cook county, mortgaged the same to Iza H. Scribner, to secure a loan of $2000, the mortgage being filed in the proper office for record the day it was executed. On the 12th of July following, for the consideration of $7000, Runyan sold, and conveyed by warranty deed, the same property to Mason B. Loomis, the appellee, the latter having constructive, but no actual, knowledge of the Scribner mortgage. Loomis paid $500 cash on his purchase, and executed to Runyan thirteen notes, of $500 each, payable at intervals of six months, the last maturing on July 12, 1878. These notes were secured by a deed of trust on the purchased property. Loomis took possession of the premises at the time of his purchase, and occupied the same until May 1, 1875, having in the meantime paid the first six of said notes. On the day last mentioned, for the consideration of $7500, Loomis sold, and reconveyed by warranty deed, the property to Runyan, the latter agreeing, in part payment of the consideration, to take up and surrender to Loomis the remaining

seven notes, which were then outstanding in the hands of other parties, and this stipulation was set forth in the conveyance, which was duly recorded about the date of its execution. The seventh and eighth notes were taken up and surrendered by Runyan in pursuance of the stipulation in the deed. The remaining five notes had already been transferred by Runyan to Lazarus Silverman, who subsequently transferred them, for value, to L. C. Paine Freer.

On the 23d of June, 1876, Runyan contracted and sold the premises in question to Silverman, but at the instance of the latter the conveyance was made to Bernhard Moos, who subsequently, on the 2d of April, 1879, by quitclaim deed, conveyed the property to Silverman, the real purchaser. By a stipulation in the deed from Runyan to Moos, the grantee covenanted and agreed, as a part of the consideration, to take up and surrender to Loomis the remaining notes given by the latter to Runyan on his original purchase, which were then outstanding in the hands of Freer. Silverman took up the ninth, tenth, eleventh and twelfth of these notes, as provided in the deed, on his purchase from Runyan, but declined to surrender them to Loomis, on the ground he had been compelled to redeem from a sale under the Scribner mortgage, at an expense of $2655.91, which he claims appellee is bound to make good to him by reason of his covenant against incumbrances in his deed of reconveyance to Runyan, as heretofore stated. Appellee denying all liability on account of his covenants in that deed, suits at law were commenced against him by Silverman on the four notes last mentioned, and by Freer on the thirteenth of said notes, and the present bill was filed by appellee to enjoin these suits. On the hearing, the circuit court of Cook county rendered a decree perpetually enjoining Silverman from further prosecuting his suit upon the four notes taken up by him, and directing that the same be canceled and delivered to Loomis within ten days, and that Silverman, within thirty days, pay the amount

of the thirteenth note to Freer, and upon such payment surrender the said note, canceled, to Loomis. From this decree Silverman appealed to the Appellate Court for the First District, where the same was affirmed, and Silverman brings the case to this court by appeal.

Mr. FRANK J. CRAWFORD, for the appellant:

A covenant against incumbrances runs with the land, and is available for the benefit of the heirs or assigns of the covenantee, upon whom the burden of the incumbrance ultimately falls. 3 Washburn on Real Prop. (4th ed.) 459; *Richards* v. *Burt*, 59 Ill. 38.

The measure of damages on such covenant is the amount of the loss, not exceeding the purchase money. Rawle on Covenants for Title, (4th ed.) 288; *Delavergne* v. *Norris*, 7 Johns. 358; *Braman* v. *Bingham*, 26 N. Y. 483; *Spring* v. *Chase*, 22 Me. 505; *The City* v. *Bissell*, 46 Mo. 160; *Batchelder* v. *Sturgis*, 3 Cush. 205; *Brady* v. *Spurck*, 27 Ill. 478.

If the covenant passes to the assignee with the land, it can not be affected by the equities existing between the original parties, any more than the title to the land itself. *Suydam* v. *Jones*, 10 Wend. 180; *Greenvault* v. *Davis*, 4 Hill, 643; Rawle on Covenants, 351.

There was no release here of Loomis' covenants by Runyan. A release must be by an instrument of equal solemnity with that containing the covenants, and recorded, in order to affect a subsequent purchaser. Rawle on Covenants, 349, 352; *Rogers* v. *Payne*, 2 Wils. 376; *Susquehanna Coal Co.* v. *Quick*, 11 P. F. Smith, (Pa.) 339.

Mr. E. A. OTIS, and Mr. CHAS. H. WOOD, for the appellee:

The conveyance by Runyan to Loomis, and the reconveyance by Loomis to Runyan of the same premises by a like deed, operated to extinguish the covenants in the deed of Loomis, both as against Runyan and his grantee, Silverman.

2 Coke on Littleton, sec. 743; Shepard's Touchstone, 201;
10 Bacon's Abridg. (Bouvier's ed.) 414, "Warranty Deed;"
*Brown* v. *Metz*, 33 Ill. 339; 3 Washburn on Real Prop.
*661; *Goodell* v. *Burnett*, 22 Wis. 565; *Kellogg* v. *Wood*, 4
Paige, 578.

Silverman, by the covenant in the deed from Runyan,
assumed to pay and surrender up the last five notes of
Loomis. That agreement is binding on him. *Taylor* v.
*Luce*, 59 Pa. St. 436; *Sawyer* v. *Weaver*, 2 McArthur, D. C.
1; *Lamb* v. *Tucker*, 42 Iowa, 118; *Ricard* v. *Sanderson*, 41
N. Y. 179.

The acceptance by the grantee of a deed conveying lands
subject to a specified mortgage, and providing that he shall
assume and pay the mortgage, binds him as effectually as
though the deed were *inter partes*, and executed by both
grantor and grantee. The mortgagee may treat both the
mortgagor and his grantee, under such a promise, as princi-
pal debtors, and may have a formal decree against either or
both. *Crawford* v. *Edwards*, 33 Mich. 354; *Snyder* v. *Robin-
son*, 35 Ind. 311.

As to the mortgagor, the party who assumes the mortgage
debt is the principal, and he is a surety only. *Pruden* v. *Wil-
liams*, 26 N. J. Eq. 210; *Marsh* v. *Pike*, 10 Paige, 695; *Calvo*
v. *Davis*, 8 Hun, (N. Y.) 222; Jones on Mortgages, sec. 742.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

Silverman, on his purchase from Runyan, having agreed
to take up and surrender to Loomis the notes sued on, it is
clear he was bound to do so unless he was relieved from the
performance of that undertaking by reason of having been
compelled to redeem the premises from sale under the Scrib-
ner mortgage, and whether he was so relieved or not, of
course depends upon whether Loomis is liable to Silverman
on the covenants in the former's deed to Runyan, and upon
the decision of this question the case depends. The circuit

court held, and we think properly, that the conveyance and reconveyance of the premises between Runyan and Loomis by operation of law canceled or extinguished the covenants in the latter's deed as to all incumbrances covered by Runyan's deed to Loomis. The object of the parties in having a covenant against incumbrances inserted in appellee's deed upon his reconveyance to Runyan, was doubtless to assure the property to the latter in the same condition it was in when conveyed by Runyan to Loomis, and nothing more; and to give it a wider range, by extending it to matters covered by Runyan's covenants to Loomis, would be to make the parties severally liable to each other on account of the same incumbrance. The enforcement of this liability by legal proceedings would give rise to circuity of action, and an unnecessary and useless expenditure of money in vexatious litigation, which the law ever abhors. To avoid these consequences, the law wisely construes such covenants as mutually canceling each other, so that no action can be maintained on them by either of the parties or their assignees. The assignee of a grantee can not recover on a covenant made by the latter's grantor, where, by reason of matters apparent upon the record of deeds in the line of his title at the time of the assignee's purchase, the grantee himself could not recover. The assignee, in such case, occupies no better position than the original covenantee through whom he claims.

Silverman, having purchased with constructive notice of these two deeds, is conclusively presumed to have known and understood at the time of his purchase their legal effect, and he has no cause, therefore, to complain. The view here presented we understand to be fully sustained by well recognized legal principles. 2 Coke on Littleton, sec. 743; *Brown* v. *Metz*, 33 Ill. 339; *Kellogg* v. *Wood*, 4 Paige, 578.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*