COLUMBIA FALLS BRICK COMPANY *vs.* EDWARD O. GLIDDEN & others.

Suffolk.   January 25, 1892. — September 29, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Promissory Note — Insolvent Maker — Discharge — Rights of Nonresident Payee.*

The fact that after the maturity of a promissory note the payee is obliged to pay to his indorsee the balance due thereon, after deducting the dividend received from the insolvent estate of the maker of the note, does not create a new debt against the maker, but is merely a transfer of the old one.

The rule that a discharge in insolvency is no bar to an action upon a promissory note made here by the insolvent debtor, a citizen of this State, and here payable, given by him to a citizen of another State, who has not proved his claim in insolvency, does not apply where the right of action of the payee, a corporation under the laws of another State, grows out of the note, and the note has been proved against the maker's estate in insolvency.

CONTRACT, on a promissory note.   The writ was dated October 18, 1890.   The declaration was as follows:

"And the plaintiff says the defendants, then doing business as copartners under the firm name of Hobbs, Glidden, & Co., made and delivered to the plaintiff their promissory note, a copy of which with the indorsements thereon is hereto annexed; that thereafter, and before the maturity of said note, the plaintiff indorsed the same and negotiated it for value; that at the maturity of said note the same was duly presented for payment at the Howard National Bank, but was not paid, whereof the plaintiff had due notice, that thereafter, to wit, on the twenty-fifth day of April, 1890, the plaintiff was compelled to pay, and did in fact pay, to the Third National Bank of Boston, the holder of said note, on account of the amount due thereon from the defendants, the sum of $3,646$\frac{46}{100}$, and that no part of the same has been paid to the plaintiff.   Wherefore the defendants are justly indebted to the plaintiff therefor in the sum of $3,646$\frac{46}{100}$, with interest from April 25, 1890."

The note was for $6,000, dated Boston, November 23, 1889, and payable four months after date to the order of the plaintiff.   At

the trial in the Superior Court, without a jury, before *Mason*, C. J., there was evidence tending to show that the defendants gave the note for a good consideration to the plaintiff corporation, which immediately thereafter indorsed it for value to the Third National Bank of Boston ; that on February 4, 1890, the defendants filed their voluntary petition in insolvency, and on February 8, 1890, a proposal of composition under the St. of 1884, c. 236, which, after due notice to the creditors, was confirmed by the Court of Insolvency for the county of Middlesex on March 13, 1890 ; that the bank proved its claim as holder of the note on March 13, 1890, and received a dividend, according to the terms of proposal on April 17, 1890, of $2,382.40, which was indorsed on the note ; and that at the maturity of the note it was duly protested, notice being given to the plaintiff, and the plaintiff paid the balance due thereon of $3,646.46 on April 25, 1890, and the defendants received their discharge in insolvency on April 14, 1890.

The plaintiff was a corporation under the laws of the State of Maine, having its principal office therein, and having besides a place of business in Boston. It had, before the date of the writ, filed with the Commissioner of Corporations of this Commonwealth the power of attorney required by the St. of 1884, c. 330, § 1.

The judge ruled that the action could not be maintained, and found for the defendants; and the plaintiff alleged exceptions.

*F. T. Benner*, for the plaintiff.

*S. L. Whipple*, for the defendants.

LATHROP, J. The contract which the defendants made in this case was to pay the note to the person who might be its legal holder at the time of its maturity. From this contract they have been released by their discharge in insolvency, the note having been proved against their estate by its then holder. Pub. Sts. c. 157, § 26. St. 1884, c. 236, § 5, as amended by St. 1885, c. 353, § 1, and by St. 1889, c. 406, § 1. The fact that after the maturity of the note the payee was obliged to pay to its indorsee the balance due on the note after deducting the dividend received from the estate of the defendants, did not create a new debt against the defendants, but was merely a transfer of the old debt. The promise of the defendants was one indivisible promise. See *Hunt* v. *Taylor*, 108 Mass. 508; *Cowley* v. *Dunlop*, 7

T. R. 565; *Buckler* v. *Buttivant,* 3 East, 72; *Houle* v. *Baxter,* 3 East, 177.

The case differs widely from *Thayer* v. *Daniels,* 110 Mass. 345, where a surety under like circumstances to those in the case at bar was allowed to maintain an action against the maker of a promissory note. The undertaking of the maker to the surety is one of indemnity against any loss or damage which he may suffer in consequence of the failure of the maker to pay the note. It is an implied, and not an express contract. The contract of the maker, on the other hand, with the payee or indorser, is an express contract, from which in this case the makers have been released by their discharge in insolvency.

The plaintiff further contends, that, being a foreign corporation, its claim is not barred by the defendants' discharge. *Kelley* v. *Drury,* 9 Allen, 27. *Phœnix National Bank* v. *Batcheller,* 151 Mass. 589. But as the plaintiff's right of action grows out of the note, and as this has been proved against the defendants' estate in insolvency, these cases do not apply.

*Exceptions overruled.*