GRORGE C: ABBOTT *vs.* WILLIAM S. HILLS & others.

Suffolk.    January 27, 30, 1893. — March 3, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Covenant of Warranty — Dedication of Land as Public Park — Right of Assignee to sue.*

A bill in equity was brought upon a covenant of warranty in a deed under which the plaintiff obtained title, which deed was executed by six grantors to two of their number, in trust, whenever required by a majority of the grantors, to convey by deed " containing a warranty against all persons claiming under them as trustees under this deed." The covenant in suit was that of the grantors to warrant and defend the premises " to the said grantees, the survivors of them, their successors and assigns for the purposes aforesaid." The trustees conveyed to a corporation, with the limited covenants provided for by the words quoted. The corporation having conveyed a part of the tract to the plaintiff, it was alleged that two parcels had been dedicated to the public as public parks by the six grantors before the delivery of their deed, and that the plaintiff had been evicted by a former decree of this court. *Held*, on demurrer, that a covenant by several with two of their number will not be enforced at law; that although a covenant of warranty running to the grantee, his heirs and assigns, can be sued upon by the assignee in his own name, still it does not operate as a letter of credit offering a new covenant to whoever will take the land on the faith of it; that the assignee stands as successor to the original covenantee, and takes the original covenant with all its manifest infirmities, and that the covenant sued upon was confined to the trustees and their successors in the trust.

HOLMES, J.    This is another suit arising out of the controversy which was before the court in *Attorney General* v. *Abbott*, 154 Mass. 323.    See also *Abbott* v. *Cottage City*, 143 Mass. 521. It is a bill in equity brought upon a covenant of warranty in a deed under which the plaintiff gets his title.    The deed was executed by six grantors, Darrow, Collins, Norton, Bradley, Carpenter, and Hills, to Norton and Darrow, two of their number, in trust, whenever required by a majority of the grantors, to convey by deed " containing a warranty against all persons claiming under them as trustees under this deed."    The grantors covenant to warrant and defend the premises " to the said grantees, the survivors of them, their successors and assigns for the purposes aforesaid."    This is the covenant in suit.    Norton and Darrow conveyed the whole tract thus conveyed to them to the Oak Bluffs Land and Wharf Company, with the limited

covenants provided for by the words which we have quoted. The company conveyed a part of the tract to the plaintiff. It is alleged that two parcels thus conveyed had been dedicated to the public as public parks by the six grantors above named, before the delivery of their deed, and that the plaintiff has been evicted by the decree of this court in *Attorney General* v. *Abbott.* The case is here on demurrer.

The plaintiff meets with a difficulty at the outset. A covenant by several with two of their number would not be enforced at law. *Eastman* v. *Wright*, 6 Pick. 316, 320, 321. And although a covenant of warranty running to the grantee, his heirs and assigns, can be sued upon by the assignee in his own name, still it does not operate as a letter of credit, offering a new covenant to whoever will take the land on the faith of it. This has been settled in this Commonwealth in a much stronger case than the present. *Saunders* v. *Saunders*, 154 Mass. 337. See also *Columbia Falls Brick Co.* v. *Glidden*, 157 Mass. 175. There is but one covenant, and that one is not negotiable. The assignee stands as successor to the original covenantee, and takes the original covenant with all its manifest infirmities. *Norcross* v. *James*, 140 Mass. 188, 189. See Co. Lit. 389 b, 390 a; 1 Shep. Touchst. 201; Rawle on Covenants, (5th ed.) § 223; *Silverman* v. *Loomis*, 104 Ill. 137, 142; *Brown* v. *Metz*, 33 Ill. 339; *Goodel* v. *Bennett*, 22 Wis. 565. In this instance the beneficial interest in the covenant, had there been any, would have been in all the covenantors, because the covenantees took only as trustees for them.

Whether, if the covenant had been general, this difficulty could have been got over, and equity if not law would have given relief, or whether the difficulty is deeper than any question of procedure, we need not consider, because in our opinion the covenant does not undertake to defend the plaintiff, and is not intended for his benefit, directly or indirectly. The deed says very plainly that purchasers are to have a limited warranty by Norton and Darrow against all persons claiming under Norton and Darrow as trustees, and nothing more. It would be against its clearly expressed intention to say that purchasers got a general warranty from Norton and Darrow, and from others into the bargain. So when we come to the words of the warranty we find

that, although not very artificial, they follow the intent already expressed. It is true that the covenants begin in the usual way, — that the grantors, etc., do covenant with the grantees and their heirs and assigns; but to warrant and defend whom? Not the grantees, their heirs and assigns, but the " grantees, the survivors of them, their successors and assigns for the purposes aforesaid." Purchasers are to get their covenants from Norton and Darrow, when the latter come to sell. This covenant is confined to the trustees and their successors in the trust. And this is the meaning, equally whether the words " for the purposes aforesaid " be taken to qualify " assigns," as we are disposed to take them, or " warrant and defend."

There are other difficulties which would have to be overcome before the plaintiff could recover, but the one which we have mentioned is enough.

*Demurrer sustained, and bill dismissed.*

*E. Avery & W. G. Russell,* for the defendant Hills.

*T. E. Grover,* for the other defendants, did not care to be heard.

*G. C. Abbott, pro se.*