JAMES D. CARROLL, Appellant, v. NORA L. CARROLL.

**Action a Covenant of Warranty:** RECONVEYANCE DOES NOT ASSIGN.
Where plaintiff's cause of action accrued prior to an alleged
deed reconveying the property to defendant, a charge in an ac-
tion by plaintiff for defendant's breach of covenant that, if the
jury should find that plaintiff reconveyed the property to de-
fendant by warranty deed, such deed operated as an assign-
ment of any cause of action plaintiff might have had against
the defendant because of the failure of defendant's title, was
erroneous, since a reconveyance would not carry with it an as-
signment of an accrued cause of action.

OPERATES AS A RELEASE. Where plaintiff, after the accrual of his
cause of action for breach of defendant's covenant, reconveyed
the property to defendant by warranty deed, plaintiff cannot
maintain an action for defendant's breach of covenant, since
the covenants of the parties being mutual, cancelled each other,
and hence the reconveyance operated as a release of plaintiff's
claim.

*Appeal from Warren District Court.*—HON. JAMES D.
GAMBLE, Judge.

THURSDAY, APRIL 11, 1901.

THE parties are husband and wife. In February, 1895,
the defendant deeded to plaintiff an interest in certain real
property by full warranty deed. It was afterwards judi-
cially declared that her title thereto was invalid. Subsequent
to this decision, and on the eighteenth day of February,
1896, the plaintiff reconveyed to the defendant the property
she had deeded to him, and his deed also contained full cove-
nants of warranty. This is an action to recover for a breach
of the defendant's warranty. She pleads want of considera-
tion, and that the conveyance to her husband was for conven-
ience only, the reconveyance to her, estoppel, and assignment
of his claim for damages. There was a trial to a jury, and
a verdict and judgment for defendant. The plaintiff ap-
peals.—*Affirmed.*

*Chas. L. Powell* for appellant.

*O. C. Brown* for appellee.

SHERWIN, J.—The only error argued relates to an instruction which told the jury that, if it found that the plaintiff executed and delivered to the defendant a deed of the property in question, such deed "operated as an assignment of any cause of action he may have had against the defendant because of the failure of title to the premises described in the deed." That the defendant's title failed, and that there was a consequent breach of her covenant of warranty, all parties concede. Whether the plaintiff suffered any damage thereby was one of the questions submitted for the determination of the jury, but what its finding may have been on that question we cannot say, because the verdict was a general one. The plaintiff's cause of action arose before he reconveyed to the defendant, and the rule is well settled, we take it, that, if his conveyance had been to others than his grantor, it would have carried with it an assignment of an accrued cause of action. If this is true, it cannot be said that the conveyance to his grantor operated as an assignment of the cause of action to her. There is another reason why the instruction is not correct: A person cannot be an assignee of his own obligation.

While we must hold the instruction erroneous, it does not necessarily follow that it was prejudicial to the plaintiff, and, to determine whether it was or not, we must look at the whole record. The evidence tended to show that the conveyance from the defendant to the plaintiff was without consideration, that it was in fact made to provide against future judgments against the defendant, and that the plaintiff so understood it, and agreed to reconvey whenever the defendant desired it. True, there was a conflict on these questions, but the jury would have been fully justified in finding for the defendant thereon. There was an issue as

to whether the deed from the plaintiff to the defendant was ever delivered, and this the jury was called upon to determine, and may well have found from this evidence that it was; and in fact it is conceded by plaintiff, in argument, that the jury found against him on this question.

It follows, then, that we have a case of mutual covenants; for the plaintiff's covenant is as broad as the defendant's, and it has been held in such cases that the covenants cancel each other. *Silverman v. Loomis,* 104 Ill. 137; *Brown v. Metz,* 33 Ill. 339; *Goodel v. Bennett,* 22 Wis. 565; Am. & Eng. Enc. Law (2d ed.) 168; Devlin, Deeds, section 883. In *Brown v. Staples,* 28 Me. 497 (48 Am. Dec. 504) it is said that the second covenant acts as an estoppel against an action for damages. Some of the cases cited hold that the covenant acts and should be treated as a release. In the case at bar the plaintiff had full knowledge of all the facts and circumstances connected with the entire transaction and of the previous litigation, and with this knowledge he voluntarily reconveys and makes his covenants as broad and strong as those given him. There must have been some purpose in this solemn, sealed act of the plaintiff, and this purpose can only be learned from the instrument tiself. That a covenantee while he holds title may release all obligation on the part of the covenantor cannot be questioned. Having made these covenants in a deed reconveying this land, we think it must be held, as a matter of law, that they operate as a release of his claim, and that he is estopped from recovering anything thereon. This being our holding, the instruction complained of was not prejudicial to the plaintiff, and the judgment is AF-FIRMED.