NEW ENGLAND EQUITABLE INSURANCE COMPANY, Appellee, v. R. H. BOLDRICK et al., Appellants.

**JUDGMENT:** **Merger and Bar—Splitting Cause of Action.** A surety
1 who, in an action on the bond, brings in, by cross-petition, a party who has agreed "to repay to said surety all loss, damages, charges, expense, and attorney fees" which the surety may suffer or be compelled to pay on account of such suretyship, and obtains judgment against said indemnitor for the amount of the judgment which plaintiff obtains against the surety, *thereby exhausts his remedy on the contract of indemnity,* and may not maintain a subsequent action against the indemnitor to recover attorney fees paid out by the surety in said former action, even though the claim for such fees was specifically omitted from the prayer in said former action.

**CONTRACTS:** **Construction—Severable (?) or Entire (?)** A con-
2 tract "to repay" to a surety "all loss, damages, charges, expense, and attorney fees" which the surety may suffer or be compelled to pay on account of such suretyship is not severable, and will not support successive or independent actions.

**TRIAL:** Verdict—Dual Motions. for Directed Verdict Do Not Waive
3   **Jury.** Principle reaffirmed that dual motions by both plaintiff and defendant for a directed verdict do not, in the absence of consent by both parties, constitute an implied waiver of jury and an implied consent that the cause may be determined by the court.

*Appeal from Polk District Court.*—L. L. THOMPSON, Judge.

## DECEMBER 13, 1921.

ACTION at law, to recover money judgment upon a written contract of indemnity. The material facts are sufficiently stated in the following opinion. There was a judgment for plaintiff, and defendants appeal.—*Reversed.*

*Clinton R. Dorn* and *A. L. Steele,* for appellants.

*Miller, Kelly, Shuttleworth & Seeburger,* for appellee.

WEAVER, J.—On September 7, 1915, the defendant Boldrick, as contractor for the performance of certain work and service for one Anna K. Hopkins, being required to give a bond to secure

1. JUDGMENT: merger and bar: splitting cause of action.

such performance, made written application to the plaintiff company to become his surety. This application was signed and executed by the said Boldrick and by his codefendant herein, W. A. Drennen. Acting upon this application, the plaintiff became surety upon the bond given to Hopkins. By the terms of the application, the defendants undertook "to indemnify the company, and save it harmless against all loss, cost, damage, charge, and expense that may accrue to it, whether sustained or incurred by reason of any act, default, or neglect of the applicant on account of claims made under or in connection with said bond or any extension or continuation thereof; the applicant agreeing to repay to said company all such loss, cost, damage, charge, and expense, including the fees or other compensation and expense of any and all attorneys and agents employed by the company, to investigate or adjust such claims or to defend any suit in which the company is directly or indirectly interested."

In October, 1916, the obligee in the surety bond, Anna K. Hopkins, brought suit thereon against the present plaintiff with

other defendants, including Boldrick. The surety company appeared to the action, made answer to the petition, and, for the expressed purpose of avoiding multiplicity of actions, asked that Drennen be brought in as a defendant, and required to answer its cross-petition, in which pleading, after setting up the indemnity contract, it was alleged that said defendants by said contract had agreed to hold plaintiff harmless against loss, damage, attorneys' fees, and expenses incurred in making its defense to the Hopkins claim; and because of such conditions, and to avoid multiplicity of suits, it asked, by way of affirmative relief against said indemnitors, that, if plaintiff should be found liable upon said bond, it should have judgment against Boldrick and Drennen for the amount of such adjudged liability, and for all attorneys' fees, costs, and expenses incurred in making its defense. Defendants appeared to the cross-petition, and denied liability. The issues joined in the proceeding were set down for trial as in equity. There was a trial to the court, pending which counsel for the surety company dictated into the record a modification or amendment to the cross-petition, by striking therefrom the words, "as well as for all attorneys' fees, costs, and expenses incurred by it in making proper defense to this action," and by substituting a prayer for relief, as follows:

"Wherefore, the defendant the New England Equitable Insurance Company prays that, if this court should find that there is any liability of this defendant to the plaintiff or any of the other defendants except R. H. Boldrick and W. A. Drennen under the bond, copy of which is marked Exhibit B, and attached to and made a part of plaintiff's petition, that this court may enter a decree providing that the defendant the New England Equitable Insurance Company shall recover from each and both of the defendants R. H. Boldrick and W. A. Drennen, judgment for any amount for which the defendant the New England Equitable Insurance Company may be found liable on said bond; and that said defendant New England Equitable Insurance Company be given such other and further relief as to this court may seem just and equitable."

The trial resulted in a decree for the plaintiff, Hopkins, by which, after applying the unexpended remainder in her hands of the contract price of the work to the payment of liens

and charges in favor of subcontractors, she was adjudged entitled to recover from the surety company and Boldrick the sum of $228.13, with interest and costs. It was also further ordered and adjudged that the surety company recover upon its cross-petition against Boldrick and Drennen judgment in the sum of $228.13, and for the costs of the action. No appeal was taken from this decree by either party; and thereafter, on May 1, 1919, Drennen paid and discharged said judgment in full. After the discharge of said judgment, the surety company began this action at law against Boldrick and Drennen upon the indemnity contract above mentioned, to recover the sum of $300 which it claims to have expended for attorneys' fees in the action brought by Hopkins.

The defendants deny liability for the payment of such claim, and allege that, in the Hopkins case, the surety company, for the express purpose of avoiding multiplicity of actions and disposing of all the mutual claims and demands of the parties in a single action, caused Drennen to be made a party thereto, and pleaded said indemnity contract as the basis of its right to demand judgment against said defendants; that defendants appeared, in response to the cross-petition; and that the issues so joined were adjudicated and settled by the decree; and that, by reason thereof, no other or further action can be maintained thereon by the plaintiff.

The issues thus joined were tried to a jury. When the testimony was concluded, each party moved for a directed verdict. Defendant's motion was overruled, and plaintiff's motion sustained. Verdict was directed and returned for the plaintiff for the full amount of the claim sued upon; and from the judgment so entered, the defendants appeal.

I. The most important question argued by counsel is whether the cross-action by the plaintiff herein against Boldrick and Drennen in the Hopkins case, and the recovery of judgment by plaintiff upon the issues so joined, had the effect to exhaust plaintiff's remedy upon the contract there pleaded, and thereby to bar further demand or right of action upon the same instrument. That a party having a right of action against another will not be permitted to split his demand and maintain separate suits upon the dissevered parts is a rule too familiar and too

well established to call for discussion.  This is not questioned by the appellees; but it is argued that this case does not come within the cited rule, because the contract of indemnity on which the suit is brought is severable, and separate and distinct or successive actions may be maintained upon separate and distinct items of claim arising thereon.  The suit, as we have seen, is based solely upon the defendants' contract to indemnify and hold the plaintiff harmless against loss, cost, expense, or damage which it might suffer or incur by reason of its becoming Boldrick's surety upon the bond to Mrs. Hopkins.

A contract to indemnify and hold harmless under such circumstances is not an original covenant or promise to pay, but is rather an undertaking to repay or reimburse the indemnitee, or make good to him the actual loss which he may suffer.  *Cousins v. Paxton & Gallagher Co.*, 122 Iowa 465.  The consideration for such contract and the promise or undertaking of the parties on either side was single and entire, the one assuming the obligation of surety on the bond to Hopkins, and the other promising to repay or make good to the surety any actual loss or damage which he might thereby suffer.  The contract had reference to the conditions as they should exist or eventuate when plaintiff's liability on the bond to Hopkins was finally adjudicated or otherwise determined; and if, when that stage was reached, it should appear that plaintiff had sustained actual loss in costs, attorneys' fees, or other reasonable expenses actually paid in making its defense in that action, then the obligation of the defendants to make good their undertaking to indemnify the plaintiff would mature, and an action thereon by the surety would lie.  It is true that, in enforcing such liability against the indemnitors, the plaintiff's recovery may be for the sum of various items, as, for example, for attorneys' fees, for costs, and for other expenses; but they constitute mere items making up the amount of a single demand or claim, and do not represent different or distinct causes of action.  One of the characteristic differences between a contract of indemnity and one to pay legal liabilities is that, upon the former, an action cannot be brought and recovery had until the liability indemnified against is discharged; whereas, upon the latter, the cause of action is complete when the liability attaches.  *Maloney v. Nelson*, 144 N. Y. 182 (39

N. E. 82); *American E. L. Ins. Co. v. Fordyce,* 62 Ark. 562 (54 Am. St. Rep. 305); *Cousins v. Paxton & Gallagher Co.,* 122 Iowa 465; *Wilson v. Smith,* 23 Iowa 252.

It is to be borne in mind that the contract in this case is not to indemnify the plaintiff against liability, but is to save harmless against loss, and "repay to said company all such loss, cost, damages, charge, and expense." It follows of necessity that, had that objection been taken advantage of by the defendants in the trial of the issues upon the cross-petition in the Hopkins case, the cross-action would have abated; or, what is perhaps more probable, the action being in equity, the court, while refusing to try or adjudicate at that time the issues joined upon the cross-petition, would have retained jurisdiction of that controversy until the issues in the main action had been disposed of, and then would have permitted the plaintiff to show, if able, that it had been damaged in respect to the matters against which it had been indemnified.

II. In argument in this court, plaintiff concedes that, at the time the cross-petition was filed, no right of action had accrued in its favor for the recovery of its expenses for attorneys' fees, and argues that its action in striking or erasing from its pleading the specific demand for recovery of attorneys' fees had the effect to eliminate that item from adjudication in that proceeding, and to leave plaintiff at liberty to now maintain a new and independent action therefor. Had the plaintiff, pending that trial, become convinced that its claim or claims pleaded in the cross-petition were premature, and therefore had dismissed its cross-action, it would be difficult to avoid the conclusion that, when the main controversy on the Hopkins bond had been adjudicated, plaintiff could then maintain action on the indemnity contract to recover from defendants the losses, if any, actually sustained or expenses actually and properly paid in making its defense. But plaintiff did not dismiss its cross-action for a recovery on the indemnity contract. It insisted upon and was granted a recovery of judgment on said contract, a judgment which has been paid and discharged. Does it still retain a right to maintain another action on the same undertaking? We think this must be answered in the negative.

The act of the plaintiff in filing its cross-petition and mak-

ing defendants parties thereto was, in effect, the equivalent of an independent action upon the indemnity contract. True, as we have seen, no right of action upon any item of damage, cost, or expense had yet accrued upon that contract; but defendants, without raising that objection, joined issue upon the merits of the plaintiff's claim; and upon the issue so joined, the plaintiff recovered a judgment. If, under such circumstances, the plaintiff saw fit to treat the indemnity contract as affording a matured right of action as to any one item of alleged damage or loss, and to prosecute the same to judgment, we think it must be held to have exhausted the remedy upon such contract, and that another action will not lie to recover an item of loss or expense of which no account was taken in the cross-action.

As we have already suggested, if, upon the trial of the issues upon the cross-petition, question had been raised as to the maturity of a cause of action on the indemnity contract, the trial court, having all the parties before it, would doubtless have suspended the hearing upon that branch of the case, and retained jurisdiction thereof for final disposition when the main action had been disposed of (see *Howard v. National F. D. H. Assn.,* 169 Iowa 719, 728) ; but, the objection not being raised, the court was not bound to take note of it, and was within its jurisdiction in trying the case as framed by the respective counsel. The contract of indemnity was treated as having matured, and plaintiff was given judgment thereon against the indemnitors. The contract is not severable, and will not support successive or independent actions. *Olmstead v. Bach,* 78 Md. 132 (22 L. R. A. 74) ; *Baird v. United States,* 96 U. S. 430 (24 L. Ed. 703) ; *Warren v. Comings,* 6 Cush. (Mass.) 103 ; *Day v. Brenton,* 102 Iowa 482 ; *Loomis v. Clambey,* 69 Minn. 469 (72 N. W. 707) ; *Williams-Abbott Elec. Co. v. Model Elec. Co.,* 134 Iowa 665. In other words, the plaintiff, having brought action upon the indemnity contract and prosecuted it through to judgment upon its merits (no matter in abatement being pleaded or proved), cannot maintain another action and have another recovery upon the same contract. There are in this contract of indemnity no severable and distinct stipulations or agreements performable at different times, or upon severable or distinct considerations.

2. CONTRACTS: construction: severable (?) or entire (?)

The obligation assumed by defendants was to save plaintiff harmless and to repay or reimburse it for its losses and damages sustained by reason of its suretyship on the bond to Mrs. Hopkins. The fact that the performance of such contract might require it to make good to plaintiff the aggregate of several items of loss or expense so incurred, makes it none the less an entire contract, and does not authorize the plaintiff to maintain a separate or independent suit for each item. Of course, the beneficiary of such contract may sue for and recover a part of his claim; but in so doing, he is held to have exhausted his remedy, and his right of action for the omitted part of his demand is thereby barred. *Williams-Abbott Elec. Co. v. Model Elec. Co.*, 134 Iowa 665; *Stevens v. Lockwood*, 13 Wend. (N. Y.) 644; *Hill v. Joy*, 149 Pa. 243 (24 Atl. 293).

The defendants, as indemnitors, did not assume or promise to pay the costs, expenses, or attorneys' fees in the Hopkins case. Their contract was solely with plaintiff, to indemnify it for any loss or damage so sustained. The aggregate of plaintiff's loss or damage in this respect measures its right of recovery, and that aggregate cannot be split and made the basis of several recoveries.

III. Appellee advances the theory that, as the parties each moved for a directed verdict, this operated as a waiver of the jury by both, and that the findings of the trial court upon the facts are to be given the effect of finality which is to be accorded to a jury verdict. In view of the conclusions reached in the preceding paragraphs, the question so raised is, perhaps, not of material importance; but to avoid any misapprehension on the subject, we have to suggest that, while the rule invoked by counsel is followed in some jurisdictions, this court is clearly and definitely committed to the other view. See the recent case of *Manska v. San Benito Land Co.*, 191 Iowa 1284, where most, if not all, the precedents cited by appellee are considered, and it is held that, in the absence of consent by both parties, separate motions for a directed verdict are not tantamount to a consent that the jury be discharged and that the issues of fact be decided by the court. And for still stronger reason, it ought not to be said that the denial of a motion by one party for a directed

3. TRIAL: verdict: dual motions for directed verdict do not waive jury.

verdict in his favor deprives him of his right to except and assign error upon the direction of a verdict in favor of his adversary.

What we have said indicates the necessity for a reversal of the judgment appealed from, without discussion of other alleged errors. For the reasons stated, the judgment of the district court is—*Reversed.*

EVANS, C. J., PRESTON and STEVENS, JJ., concur.