WILLIAM F. MUNDT, Appellee, v. FRANK COMSTOCK, Appellant, et al., Appellees.

**VENDOR AND PURCHASER:** Remedies of Purchaser—Nonrescission for Possible Contingency. A purchaser of land who goes into and remains in undisturbed possession under a warranty deed, executed by all living persons then having any interest in the land, with knowledge of the *possibility*, under his title, that a child might be born who would dispossess him, will be held to have elected to rely upon the covenants of his deed for protection against said possibility; and as a consequence, the contract of purchase is beyond rescission.

Headnote 1: 15 C. J. p. 1323.

*Appeal from Crawford District Court.*—M. E. HUTCHISON, Judge.

JANUARY 20, 1925.

SUIT in equity, to foreclose a purchase-money mortgage on real estate. The defense was affirmative, and predicated upon a breach of warranty of title to the premises conveyed by plaintiff to defendant, in that the grantors of such deed did not

have the fee title of the premises conveyed, but had title only to a life estate and to a contingent remainder. The answer prayed rescission of the contract of purchase and sale, and a recovery of the purchase money paid. Tender was made of an accounting for rents and profits during the period of occupancy of the real estate by defendant. To this answer, which became a cross-bill, the plaintiff filed a general equitable demurrer. This demurrer was sustained. The defendant elected to stand upon his pleading, and suffered decree to be entered. From such decree, he has appealed.—*Affirmed.*

*Sims, Kuehnle & Page* and *Salinger, Reynolds, Meyers & Cooney,* for appellant.

*George McHenry* and *Robertson & Robertson,* for appellee.

EVANS, J.—I. It appears from the pleadings that, in September, 1919, a contract of purchase and sale was entered into by and between the plaintiff and the defendant, for a certain half section of farm land, at an agreed purchase price of $64,000, of which amount $24,000 was then and there paid. The mortgage in suit was given for the balance. The performance of this contract between the parties was had in February, 1920, at which time the defendant received from plaintiff a warranty deed, duly executed by himself and wife and four others, and at the same time delivered to the plaintiff the notes and mortgage in suit. Pursuant to his deed, the defendant went into possession of the land, and continued in possession thereof.

The title conveyed to the defendant rests for its validity upon a provision of the will of one William Mundt, the father of the plaintiff herein. There is a confusion of names in the record, in that the name of plaintiff appears therein both as William F. Mundt and as Fritz Mundt. The latter name is applied to him in the will, and the conveyance of the land was made by him under such latter name. In the notes and mortgage, however, he was named as William F. Mundt. His identity under both names is conceded.

By the will of William Mundt, the testator purported to devise to his son, Fritz Mundt, and to Maggie Mundt, wife of

Fritz Mundt, a life estate, subject to certain charges for the support of Friedericka Mundt, surviving widow of the testator. Such will contained the further provision:

"Immediately upon the death of both my son Fritz Mundt and Maggie Mundt, I give, devise and bequeath the premises above set out to the children of my son, Fritz Mundt, being his direct issue, to be divided among them equally share and share alike."

The testator died in 1907, survived by his widow, Friedericka, and by Fritz Mundt and Maggie Mundt, and by the three children of Fritz Mundt, being Robert Mundt, Anna Mundt, and Walter Mundt. All the foregoing beneficiaries of the will joined in the execution of the warranty deed delivered to the defendant. No other person is in being or has ever come into being who is or was entitled to make any claim under the foregoing will. The contention of the defendant is: (1) That the remainder devised in the will was contingent only, and that it will operate in favor of all of the children of Fritz Mundt, including those born, if any, after the death of the testator, equally with those in being at the time of such death, and that the title will pass thereunder only to such children as shall survive both life tenants; (2) that, on the other hand, if the remainder devised can be deemed a vested one, it is such only in the sense that it is subject to the right of after-born children to have the vested estate opened up to let them in,—that is to say, that the present holder of the title is subject to the contingency that children may be hereafter born to Fritz Mundt, and that such after-born children will take a share in the fee.

From the foregoing, it will be noted that there is no person in being who challenges or can challenge the defendant's title and right of possession. His possession is undisturbed. His title is unchallenged, except as he challenges it himself. There is no outstanding title which he has purchased or can purchase, nor any outstanding title which can be asserted against him in any way. He is in the full use and enjoyment of the possession of the premises, and such use and enjoyment are exclusive and valuable. He accepted the deed and its covenants, charged with knowledge of whatever infirmity of title exists. By accepting such deed and entering into possession thereunder, he waived

both his right to rescind the contract and his right to resist specific performance. He is deemed, under the law, to have elected to rely upon the covenants of the deed for his protection. For the present, the breach of warranty, if any, is purely technical, and the damages, if any, are nominal only. If a superior title should mature in the future, then he would be entitled to recover substantial damages, under the covenants of the deed. For the present, he is not deemed to have suffered substantial damages. We had occasion very recently to pass upon this very question in *McNair v. Sockriter*, 199 Iowa —. Our previous cases on the subject are all cited in the *McNair* case.

The rule here invoked of itself works an affirmance of the decree below, without any regard to the question whether the remainder devised to the children of Fritz was vested or contingent; or whether the devise of the remainder was intended, in any event, to operate in favor of children born after the death of the testator.

II. Our holding in the foregoing division is quite decisive of the result, and of itself would require an affirmance of the decree below. The trial court, however, went deeper into the larger merits of the defense, and held that the title conveyed to the defendant was a good and merchantable title. No one is contesting this feature of the decree, except the defendant. In view of our holding in the first division hereof, it could avail nothing but harm to the defendant if we were to sustain his attack upon his own title. It becomes clearly to his interest that such portion of the decree below should be sustained here, if considered at all. For this reason we shall not enter into any consideration of that finding of the decree.

The decree below will be affirmed in all respects.—*Affirmed.*

FAVILLE, C. J., and ARTHUR, VERMILION, and ALBERT, JJ., concur.