OLIVE M. DUKE, Appellant, v. FRED H. TYLER et al., Appellees.

No. 40034.

1346

APRIL 14, 1930.

*Ferguson & Ferguson,* for appellant.

*Keenan, Barnes & Clovis,* for appellees.

FAVILLE, J.—One Tyler owned a 40-acre tract of land. On March 23, 1910, he executed his will, making disposition of said tract. On April 5, 1910, said Tyler died, and his will was duly admitted to probate. It is unnecessary that we set out the terms and conditions of said will. See, however, *Bredensteiner v. Oviatt,* 202 Iowa 993. Provision was made therein for his widow and certain heirs. Trustees were appointed, with certain duties. On the 1st day of March, 1916, certain of the beneficiaries under said will and said trustees executed a warranty deed of said premises to one Oviatt. Thereafter, a series of mesne conveyances were made by warranty deeds, and on the 1st day of March, 1920, said premises were conveyed to the appellant by warranty deed from the appellees McLaren and wife.

The petition alleges that, prior to the 4th day of June, 1921, the title of the appellant to the said described real estate was questioned, and was refused as security for a real estate loan,

and that appellant notified the grantors in her said chain of title that said title had been questioned, and that action would be commenced against the appellees herein to recover the purchase price which appellant had paid for the said real estate. It is alleged that, in consideration of appellant's withholding said action, and on account of the failure in part of the title to said real estate, the appellees herein executed and delivered to the appellant the indemnifying bond upon which this suit is based. Said bond recites that the appellees herein are held and firmly bound unto the appellant and "to her successors in interest" in the said described real estate in the penal sum of $10,000. It recites that said property had been conveyed to the appellant, and that a question has arisen with reference to the right to convey the one-half interest in said land, and that uncertainty exists as to each of said conveyances, and contains the following provision:

"Now, therefore, if the undersigned shall well and truly hold the said Olive M. Duke and her successors in interest free and clear of any loss she or her successors may sustain by reason of the defect above referred to, then this bond to be null and void, otherwise to be and remain in full force and virtue."

The petition alleges that, subsequent to the execution of said bond, the appellant endeavored to find a purchaser for the said described real estate, but, on account of the failure of the title to said premises, as alleged, she was unable to find a purchaser until on or about the 6th day of November, 1923, at which time the appellee McLaren, who had been appellant's grantor, purchased appellant's interest in said premises, and on said date the appellant reconveyed the premises to the said McLaren by warranty deed, with the usual covenants. It is alleged that appellant paid $20,000 in cash for said described real estate, and that said reconveyance was made to McLaren for a consideration of $10,000; and damages to the extent of $10,000 are asked. It is also alleged that, at the time of the execution of said last-mentioned deed, McLaren was familiar with the title of the appellant to said premises, and that by the execution of said deed appellant had no intention on her part to covenant or warrant her title to said premises, or to assign or transfer in any manner whatever any cause of action in favor

of her by reason of any breach of the covenants of the deed under which she held title.

The appellees' demurrer was based upon five separate grounds, and was sustained generally. The question for our determination is whether or not any of the grounds of said demurrer were well taken.

I. The first ground of the demurrer raises the proposition that the bond sued upon was executed without any consideration therefor, as shown on the face of the petition. The petition alleges that the title to an undivided one half of said premises had failed, by reason of the fact that said one half of said title cannot, under the terms of the will of the testator, Tyler, vest in anyone until the death of the wife of said testator. The petition recites that the bond in question was given in consideration of the appellant's withholding action against appellee McLaren on account of the failure of said title. The recitals of the petition were sufficient to show a prima-facie consideration. *Urdangen v. Fryer*, 183 Iowa 39. The demurrer was not well taken upon this ground thereof.

II. Another ground of said demurrer was that the petition "contains no showing of any damages suffered by the plaintiff after the bond in question was executed and delivered, and that by reason thereof plaintiff has not shown any damages coming within the provisions of said bond."

The terms of the bond were that the obligors undertook to hold the appellant and her successors in interest "free and clear of any loss she or her successors may sustain by reason of the defect in the title."

Indemnity contracts cover a great variety of subjects, and one well recognized class includes contracts relating to defects in title. These generally provide for indemnity against disturbances in possession, or to make the indemnitee safe and secure in his title, or to indemnify and save harmless from actions brought for recovery of the land, or against outstanding judgments or liens, and other like provisions. Each contract must be construed according to its own terms. Generally speaking, the nature of the responsibility assumed by the indemnitor in a contract of indemnity is one of two classes: (1) against loss

or damage; or (2) against liability. *Wilson v. Smith,* 23 Iowa 252.

In *Cousins v. Paxton & Gallagher Co.,* 122 Iowa 465, we said:

"The law recognizes a well defined difference between covenants of indemnity against loss, and covenants to assume or pay a liability. In the former class the covenant is not broken, and no right of action accrues, until a loss has been suffered against which the covenant runs, while in the latter class the covenant is broken, and a right of action accrues, whenever the liability is fixed and absolute. This distinction grows out of the express terms of the contract, and must be recognized; otherwise a new contract would be made for the parties, and their rights determined thereunder, instead of by the contract which they made."

See, also, *New England Equit. Ins. Co. v. Boldrick,* 192 Iowa 763; 31 Corpus Juris 419, Section 3.

The contract in the instant case falls within the first of these classes. It is not a contract to indemnify the appellant against disturbances in possession, or to make her safe and secure in her title, or to do any other or different thing than indemnify her against *loss* that she *may sustain* by reason of the defect in the title to the premises. A contract of this character, to indemnify against *loss,* is not broken until the indemnitee has suffered an actual loss or damage. *Wilson v. Smith,* supra; *New England Equit. Ins. Co. v. Boldrick,* supra. Cases from other jurisdictions are collected in 31 Corpus Juris 439.

Does the petition allege a state of facts showing that appellant has suffered any *loss* for which she may recover under the contract?

The petition alleges that the appellant acquired her deed to the premises on March 1, 1920; that she attempted to secure a real estate loan on the premises, but without success. No damage is claimed by reason of this fact. The contract of indemnity was given June 4, 1921. There is no claim of any eviction or ouster, no claim of any dispossession, no claim of any attempt of assertion of any adverse title. For more than two years, so far as the petition shows, after the contract was

given, the matter rested *in statu quo*. Then the appellant reconveyed the premises to her grantor, after a mortgage had been foreclosed against the premises.

There is no allegation of any fact showing any *loss* that appellant sustained by reason of the defect in her title after the bond was executed. The bond looked to loss in the future. It was to protect her against loss she "*may* sustain." Appellant argues that the bond covered any loss that appellant had already sustained, at the time the bond was executed. The bond does not so provide. It was not a promise to pay a past loss, in the nature of an indebtedness. It was to indemnify appellant for loss she might sustain thereafter. We think appellant failed to allege facts showing that she had sustained any loss by reason of the defect in the title after the bond was given, and the demurrer was properly sustained.

III. The appellees contend that the bond in suit is, in legal effect, no more than a covenant of seizin, and that it should be construed as such, and that the law applicable to a covenant of  seizin is applicable to it. The deed under which the property was conveyed to the appellant contained the usual covenant of seizin, that the grantors "hold said premises by good and perfect title." The bond in suit, according to its terms, was given to indemnify the appellant for any loss she might sustain by reason of a defect in the title to said premises. That is the legal effect of the covenant of seizin.

The rule is well established in this state that, where a covenant of seizin is broken upon the delivery of the deed because there is an outstanding paramount title, yet where the covenantee has been given possession of the premises, such breach is only technical, and will not authorize the recovery of substantial damages until some loss or injury has been suffered by the covenantee. We see no good reason why the rule respecting the covenant of seizin should not apply to the indemnity bond in the instant case. The bond was given to indemnify the grantee in the deed against loss that she might sustain by reason of an outstanding paramount title. No question is raised but that the grantee was given possession of the premises, and that there had been no attempt to assert any outstanding paramount title. In such a situation, under the rule of this state, recovery

cannot be had on the covenant of seizin. In order to permit such recovery, there must be the hostile assertion of some adverse title. The rule has been maintained in this state for many years, and the authorities are collected and discussed in *McNair v. Sockriter*, 199 Iowa 1176. See, also, *Mundt v. Comstock*, 199 Iowa 282. In the instant case, the appellant has not been disturbed in her possession. There has been no hostile assertion of any adverse title. She did not rescind her contract, but accepted her deed and retained possession thereunder. We are disposed to apply the same rule as in the case of a covenant of seizin; and, when such rule is applied, under the law in this state, the appellant has not alleged sufficient facts to entitle her to recover upon the bond.

IV. The petition alleges that the appellant reconveyed the premises to her grantor by warranty deed after the bond was executed. The demurrer alleges that, by reason of said conveyance, the appellant has no cause of action on said bond, because she thereby canceled the covenants contained in the deed to her, and the covenants of the bond.

In *Carroll v. Carroll*, 113 Iowa 419, defendant deeded to the plaintiff certain real estate by full warranty deed. It was afterward determined that the defendant's title was invalid. Subsequently, the plaintiff reconveyed the property to the defendant by full warranty deed, and brought suit on the covenants of the deed by which he had acquired title. We said:

"It follows, then, that we have a case of mutual covenants; for the plaintiff's covenant is as broad as the defendant's, and it has been held in such cases that the covenants cancel each other."

We also said:

"That a covenantee, while he holds title, may release all obligation on the part of the covenantor cannot be questioned. Having made these covenants in a deed reconveying this land, we think it must be held, as a matter of law, that they operate as a release of his claim, and that he is estopped from recovering anything thereon."

1352

See, also, *Silverman v. Loomis*, 104 Ill. 137.

*Birney v. Hann*, 3 A. K. Marsh. (Ky.) \*322 (13 Am. Dec. 167), relied upon by appellant, is not controlling at this point.

The obligors in the bond in the instant case were all grantors of the premises by warranty deeds with covenants of seizin which run with the land. The reconveyance by appellant by deed with a covenant of seizin canceled the covenant of seizin under the deeds of the obligors in the bond. Since we hold that the bond was tantamount to the covenant of seizin in the deeds, the reconveyance with a like covenant operated as a discharge of the obligation.

We reach the conclusion that the trial court correctly sustained the demurrer to appellant's petition, and the judgment is—*Affirmed*.

MORLING, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.