KROBLIN TRANSFER; OLINDA KROBLIN, Executrix and individually, Appellees, v. BIRMINGHAM FIRE INSURANCE COMPANY OF PENNSYLVANIA, Appellant.

No. 47136.

(Reported in 30 N. W. 2d 325)

16

JANUARY 13, 1948.

R. P. Birdsall, of Waterloo, for appellant.

J. P. Murphy, of Sumner, and Sweet & Sager, of Waverly, for appellees.

HAYS, J.—Plaintiff operates a motor carrier service. Defendant carried cargo insurance upon plaintiff's trucks. Two accidents and resulting cargo damage are involved in this action, which is for recovery upon the insurance policies. The cause was tried without a jury upon stipulated facts, with a resulting judgment for plaintiff. Defendant appeals.

Three propositions are assigned by appellant as a basis for reversal:

(1) The action is barred under the provisions of the contractual limitation clause.

(2)   The court erred in construing the provisions of the contract relative to substitution of trucks in the event of mechanical breakdown.

(3)   The court erred in rejecting a provision in the contract limiting liability for egg cargoes.

There is no dispute as to the facts. In effect November 13, 1942, was defendant's policy No. I M C T 571619 covering two of plaintiff's trucks: a 1936 Wilson semitrailer with a maximum coverage of $3,000, and a 1940 Omaha Standard semitrailer with a maximum coverage of $1,000. On said date, at Sumner, Iowa, the Wilson semitrailer was loaded with merchandise for transportation. Shortly thereafter this truck sustained a mechanical breakdown and the cargo was transferred to the Omaha Standard semitrailer. In the course of shipment on this truck the accident happened, with the resulting damage.

Effective on March 3, 1943, was defendant's policy No. I M C T 571631 covering seven of plaintiff's trucks including Unit No. 1 Freuhauf semitrailer with a maximum coverage of $5,000 and Unit No. 4 Freuhauf semitrailer with $2,000 maximum coverage. On said date Unit No. 1 was loaded with cargo for Kenyon, Minnesota. While en route it sustained a mechanical breakdown and the cargo was transferred to Unit No. 4. This truck completed the trip to Kenyon, Minnesota, and delivered the cargo. There, and as part of the same shipping agreement between plaintiff and the shipper, Unit No. 4 took a cargo of eggs for delivery at Sumner. While en route from Kenyon the accident occurred, with the resulting damage.

The shipper, same in both transactions, sued plaintiff and on April 19, 1944, recovered judgment on account of the two losses above referred to. This judgment was paid by plaintiff September 23, 1946. The instant action was commenced by plaintiff on September 19, 1944. The trial court granted plaintiff recovery on the basis of the coverage on the Wilson semitrailer and on Unit No. 1. It was contended by defendant that recovery should be on the basis of the maximum coverage upon the Omaha semitrailer and on Unit No. 4.

I.   Appellant's first assigned error is that under the terms of the policies—both policies have identical provisions—the action was not brought within the twelve-months' limitation.

18

The policies provide as follows:

"This policy covers the legal liability of the assured as a carrier * * * for direct loss or damages * * * on shipments of lawful goods * * *. It is the intent of this policy of insurance to be one of indemnity only * * *. No suit or action on the policy * * * shall be sustainable * * * unless commenced within 12 months next after the happening of the loss."

These policies are indemnity contracts against legal liability for direct loss or damage. The general rule is that under such type of contract a cause of action thereon accrues when the legal liability of the assured becomes fixed and certain, such as the entering of a judgment. 27 Am. Jur., Indemnity, section 22; 42 C. J. S., Indemnity, section 14b; Wilson v. Smith, 23 Iowa 252; Duke v. Tyler, 209 Iowa 1345, 230 N. W. 319. Judgment was entered April 19, 1944, against assured.

Ordinarily a limitation of action commences to run with the accrual of the right of action. Appellant, however, contends that the contract provides for commencement of the action within twelve months after the happening of the loss. It says the loss was on the dates of the respective accidents. The loss which is contemplated by the policies, and which is covered therein, does not refer to the physical destruction of the cargo. It refers, and specifically so states, to legal liability for the loss, which is a vastly different thing. The company agrees to indemnify (to make good) in case of, and only in case of, legal liability against the assured. To hold that the "happening of the loss" means as claimed by appellant injects into the policies a new meaning and changes it from one of indemnity for liability to insurance for any physical damage to the cargo. Such is clearly not its purpose. The loss contemplated is a legal liability, in this case evidenced by the judgment of April 19, 1944. The trial court was correct in holding the action not barred.

II. Appellant's second assigned error is based upon the interpretation of the so-called "substitution clause" in the policies.

Both policies provide as follows:

"In the event of accident or mechanical breakdown of one or more of the vehicles named in this policy, the assured shall be granted the privilege to substitute other truck or trucks (not named herein) without advice to the company, for the purpose of completing the transportation of the merchandise contained in or on such truck or trucks, at the time of the disaster. It is understood, however, that this privilege shall be valid only for the period required to reach the original destination of the disabled equipment."

The trial court construed this provision to mean that in the instant case, while the truck involved in the accident carried a lower maximum coverage than the truck originally loaded with the cargo, assured was entitled to the higher coverage.

Appellant contends that by using the words "not named herein" the provision applies only where an outside truck is used and that when assured used its own truck the provision does not apply and assured is entitled only to the coverage on the substituted truck.

Clearly this provision is for protection in an emergency. Appellant in argument states, "the paragraph is added as a privilege, or a concession to an emergency." Assurer is just as much interested in the prompt transportation of cargo as is the assured. The emergency is created when a mechanical breakdown occurs. Under this paragraph without the words "not named herein" a reasonable construction is that assured might use any of its available trucks to finish the journey and still have the benefit of the insurance upon the original truck. By the addition of the words "not named herein" the "concession to an emergency" is further increased so that assured may call in any available truck, even though belonging to a stranger, and still retain the original coverage on his cargo. This is the construction adopted by the trial court. We find no error therein.

III. Appellant's third assigned error deals with the second accident and likewise concerns the interpretation of the contract. Unit No. 1 was loaded at Sumner with a cargo destined for Kenyon, Minnesota. Unit No. 1 had a coverage of $5,000. While en route to Kenyon the truck broke down and

Unit No. 4, with a $2,000 coverage, was substituted and the cargo was delivered at Kenyon. After delivery of original cargo, a new cargo consisting of eggs was loaded on Unit No. 4 and started for Sumner. This was all part of a single agreement between appellee and the shipper. The accident happened after leaving Kenyon bound for Sumner, Iowa.

The contract of insurance, No. I M C T 571631, provided as follows:

"In the event of accident * * * the assured shall be granted the privilege to substitute other truck or trucks * * * for the purpose of completing the transportation of the merchandise contained in or on such disabled truck or trucks, at the time of the disaster * * *."

It appears without dispute that at the time of the breakdown of Unit No. 1 it had merchandise to be transported to Kenyon, Minnesota, and that after substitution of Unit No. 4 the transportation of the merchandise was completed. This ended the liability of the appellant under the so-called substitution clause, and the subsequent accident to Unit No. 4 and loss of eggs must be governed by the policy as it applied to Unit No. 4. This was a $2,000 maximum coverage and contained the following statement:

"THIS POLICY DOES NOT INSURE:
(The Assured's Legal Liability)
"K— Loss by breakage of eggs, unless resulting from one of the perils insured against and only if loss amounts to 50% of the value of each shipping package, and no loss to be paid in excess of $200.00."

K, above set forth, does not apply to Unit No. 1 but does apply to Unit No. 4.

Appellant concedes that under its construction of the contract as to the March 3, 1943, accident, and with which we agree, its maximum liability is the sum of $200, plus additional items of $42.11 for a total of $242.11.

No question of fact or law remains to be determined upon a retrial. The case is affirmed as to the November 13, 1942, acci-

dent and reversed as to the March 3, 1943, accident. The cause is remanded with instructions to enter judgment in accordance herewith.—Affirmed in part; reversed in part and remanded with instructions.

MULRONEY, C. J., and OLIVER, BLISS, HALE, GARFIELD, MANTZ, and SMITH, JJ., concur.