CELANESE CORPORATION OF AMERICA, a corporation of the State of Delaware, v. THE MAYOR AND COUNCIL OF WILMINGTON, a corporation of the State of Delaware.

(*December* 29, 1950.)

CAREY, J., sitting.

*John J. Morris, Jr., Howard L. Williams* and *H. James Conaway, Jr.* (of Hering, Morris, James and Hitchens) for plaintiff (*Gerald J. McKernan,* of Macklin, Speer, Hanan and McKernan, of New York City, of counsel).

*August F. Walz,* City Solicitor, and *Henry A. Wise, Jr.,* for defendant.

Superior Court for New Castle County, No. 829, Civil Action, 1949.

CAREY, J.:

Plaintiff contends that the notice requirement of Code Section 2470 does not apply to either count of the complaint; and that, if it does apply, the notices given meet the demands of the statute. The defendant takes issue with both of these contentions.

The defendant argues that, although the first count is based upon an alleged breach of contract, its true foundation is negligence in taking care of the goods, and that Section 2470 therefore applies. I do not agree. The case is typically one in which the plaintiff may sue either in contract or in tort. *Keith Co. v. Booth Fisheries Co.,* 4 *Boyce* 218, 87 *A.* 715; 1 *C.J.S., Actions,* § 49, *p.* 1114. Before making out a *prima facie* case *ex contractu,* the plaintiff must prove a breach of a contractual obligation. This would include proof of the contract, delivery of the goods in good condition, their return in bad condition, and

the amount of damage. Proof of negligence would not be an essential element. The nature of the defense does not yet appear in the pleadings. The defendant may or may not rely upon the defense that it exercised due care, and plaintiff might thereupon be obliged to rebut defendant's evidence in this respect. The important point is, however, that negligence does not necessarily form a part of the plaintiff's case in chief, and would only be brought into the contract action by the defendant. Even if it should be thus brought into the picture, the action is still based upon the breach of contract. The following quotation from *Harms v. City of New York*, 69 *Misc.* 315, 125 *N.Y.S.* 477, 478, is appropriate here:

"* * * When a bailee for hire returns the property, damaged, two causes of action exists in favor of the bailor: In tort, for the damages occasioned by the bailee's negligence; or, waiving the tort, for breach of the contract of bailment—as between these causes of action he has the right of election.

"In the case at bar the plaintiff elected to bring his action upon the contract. Negligence is not a necessary element, and was neither alleged nor proved by the plaintiff. The gravamen of the action is the breach of the implied agreement to return the property in as good condition as when received, reasonable wear and tear excepted. And plaintiff proved his *prima facie* case when he showed the hiring, the delivery of the boat to the defendant in good condition, its return in bad condition, and the amount necessarily expended to put in in good condition. The defendant argues that because it sought to prove by way of defense that the injuries were the result of its negligence, to which the negligence of the servant of the plaintiff contributed, the action thereby became an action for damages to personal property by reason of negligence, forgetting that *the plaintiff makes the election*, and we find his choice in his complaint and in the evidence offered by him and not by the defendant's pleadings or evidence. * * * Where a plaintiff has two causes of action, one in tort and the other on contract, and has elected to

bring his action on the contract, the 'tort-feasor cannot allege his own wrong for the purpose of defeating an action upon the contract. * * *' "

Defendant necessarily concedes that the notice need not be given in contract cases where no negligence is involved. In my opinion, it is proper to say that the statute does not require notice for any breach of contract. Any other holding would amount to an interpretational addition to the *Act* by stretching it to include a type of claim not mentioned by the Legislature. See *Doyle v. City of Coral Gables,* 159 *Fla.* 802, 33 *So.* 2d 41; *Marcy v. Syracuse,* 199 *App. Div.* 246, 192 *N.Y.S.* 674.

The plaintiff denies that the notice provision applies to its second or negligence count. Its theory is that the statute is not intended to include claims arising from the performance of a private or proprietary function as contrasted with a governmental or corporate function or a duty imposed by statute. Some jurisdictions have upheld this view; others have repudiated it. Most of the reported cases are mentioned in an exhaustive opinion in *Collins v. City of Memphis,* (*D. C.*) 16 *F.Supp.* 204. Without reviewing all the arguments for and against the plaintiff's theory, I shall simply say that the wording of the present statute precludes the suggested distinction.

Section 28 of the *Wilmington Charter, Code Section* 2436, in express terms describes the Board of Harbor Commissioners as an 'agency of the City. This Board had been created prior to the passage of Code Section 2470, which was approved March 27, 1925. The title of the original statute, *Vol.* 34, *Laws of Delaware* 302, reads simply as follows: "An Act to amend the Statutes relating to the *City of Wilmington* by providing for Notice of Claims". The body of the *Act* refers to negligence of the corporation or "any of its departments, officers, agents or employees". Nothing in the statute or in its title suggests a legislative intent to except any department or agency from its operation or to distinguish private from governmental functions. The

broad language used, on the contrary, indicates an opposite intent. This Court cannot impose or create exceptions to a statute where the Legislature has provided none. *Lewis v. Pawnee Bill's Wild West Co.*, 6 *Penn.* 316, 66 *A.* 471; *Federal United Corp. v. Havender*, 24 *Del. Ch.* 318, 11 *A.* 2d 331.

In determining whether plaintiff has complied with the provisions of the Act, I shall pass over the notice which was given to the Board of Harbor Commissioners and shall consider only the one which was directed to the Mayor and delivered to his Secretary. In questioning the sufficiency of this notification, defendant relies upon *Russell v. Mayor and Council of Wilmington*, 5 *W.W.Harr.* 193, 162 *A.* 71, 72. There the Court held that notice to the City Solicitor was insufficient because the *Act* requires that the Mayor be notified. The Court said: "Where the statute requires that a notice be served upon a particular person then there must be a strict compliance with such provision and a service of the notice upon another person is not sufficient". The Court was speaking of service of a narr upon the City Solicitor in an action for personal injuries which was commenced within the six months period. Judicially recognizing the customary practice of serving narrs upon the counsel who has appeared, it pointed out that there was no presumption that the Mayor ever saw the declaration or knew any of the details of the accident.

In the present instance, there is no occasion to disagree with anything said in the *Russell* case, *supra*. Conceding that notice to an official differing from the one named by the Legislature is insufficient, a Court may still determine whether the designated official has been sufficiently "notified" in a given case. *Powers v. Kansas City*, 224 *Mo. App.* 70, 18 *S. W.* 2d 545. In my opinion, the circumstances here warrant the holding that there has been a sufficient compliance with the Act. The Court will recognize the close relationship which must exist between the Mayor and his Secretary and will not assume that the Secretary failed to carry out his duty of delivering the notice to his su-

perior. *City of Tulsa v. Whittenhall,* 140 *Okl.* 160, 282 *P.* 322; 38 *Am. Jur.* 391.

Defendant's motion will, therefore, be denied as to both counts of the complaint.