No. 44,173

In re Estate of Chester A. Markham, Deceased. CLIFFORD H. PUGH and JAMES R. BARR, *Appellees,* v. ELIZABETH MARKHAM STAPLIN, as an Individual and as Executrix of the Will and Estate of Chester A. Markham, Deceased, *Appellants.*

(407 P. 2d 239)

Opinion filed November 6, 1965.

*Wayne Coulson,* of Wichita, argued the cause, and *Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Gerrit H. Wormhoudt, Philip Kassebaum, John E. Rees, Robert T. Cornwell, Willard B. Thompson* and *David W. Buxton,* all of Wichita, were with him on the brief for the appellants. *Homer V. Gooing* and *Hugo T. Wedell,* of counsel.

*Clifford H. Pugh,* of Wichita, argued the cause, and *James R. Barr,* of Wichita, was with him on the brief for the appellees.

The opinion of the court was delivered by

FONTRON, J.: This is an appeal by Elizabeth Markham Staplin, both as an individual and as executrix of the estate of Chester A. Markham, deceased, from an order of the Sedgwick County District Court dismissing her appeal from a judgment of the probate court of that county.

The material facts are not in dispute. Pugh and Barr, the appellees herein, were attorneys for Mrs. Staplin, in the administration of the Markham estate. Under date of April 9, 1964, a statement from the office of Mr. Pugh was addressed to Mrs. Staplin setting forth the amount claimed due Pugh and Barr for legal services rendered in the probate proceedings and listing also an item of $29.95 due as probate court costs.

On May 18, 1964, an order of final settlement was entered by the probate court. This order included an allowance to the executrix of $4,838.00 for the services of her attorneys, Pugh and Barr, and also ordered that the executrix pay the sum of $29.95 court costs. On May 22, 1964, Mrs. Staplin, individually and as executrix, ap-

pealed to the district court from the order of final settlement and, particularly, from the allowance of fees therein.

On June 10, 1964, Mrs. Staplin, as executrix, paid the court costs of $29.95 and obtained a receipt therefor from the probate judge. Thereafter, Pugh and Barr filed their motion in district court to dismiss Mrs. Staplin's appeal from the probate court on the ground that, by reason of her payment of court costs, Mrs. Staplin had acquiesced in the probate court's judgment. This motion was sustained by the trial court and the instant appeal was then perfected.

Both in their briefs and on oral argument the parties to this appeal have presented but one issue to be determined, namely, whether Mrs. Staplin, because of her payment of court costs, is precluded from appealing the order of the probate court allowing attorney fees. We proceed directly to this question.

As the appellees correctly point out, this court, on more than one occasion, has held the payment of court costs by a defeated litigant to bar his right of appeal. Illustrative of our decisions to such effect is *Anderson v. Carder*, 159 Kan. 1, 150 P. 2d 754, wherein we said:

". . . Whatever the rule may be elsewhere, it is well settled in this jurisdiction that anything that savors of acquiescence in a judgment cuts off the right of appellate review, and that the payment of costs by a defeated litigant falls in that category. (*Paulsen v. McCormack*, 133 Kan. 523, 1 P. 2d 259; *Paul v. Western Distributing Co.*, 142 Kan. 816, 52 P. 2d 379; *Muckey v. Baehr*, 158 Kan. 19, 145 P. 2d 164, and cases therein cited.)" (p. 5.)

See also *Gehring v. Goering*, 181 Kan. 994, 317 P. 2d 424, and *Benson v. Wiley*, 182 Kan. 403, 320 P. 2d 827.

We find no fault with those authorities but we do not consider them relevant under the facts of this case. The decision in each of the foregoing cases finds its rationale in the legal principle that one who acquiesces in a judgment is thereby foreclosed from exercising his right of appeal and that the voluntary payment of costs by a losing litigant constitutes evidence of such an acquiescence.

But such is not the case before us. Mrs. Staplin, in her capacity as executrix of the Markham estate, was not a litigant in any sense of that term. She was acting in a representative capacity, having been appointed by the probate court to administer the estate. In the execution of her duties she was subject to the control and direction of the court which appointed her. Both K. S. A. 59-301 and its predecessor statute, G. S. 1949, 59-301, provide in pertinent part:

"The probate courts shall be courts of record, and, within their respective counties, shall have original jurisdiction:

. . . . . . . . . . . . . . .

"(3) To direct and control the official acts of executors and administrators, to settle their accounts, and to order the distribution of estates."

By the plain words of the statute, an executor occupies a status different than that of an ordinary litigant, and we believe that the mere payment by him of the ordinary costs of administration, out of funds of the estate, cannot be equated with the payment of costs assessed against a defeated party to a lawsuit. In our judgment, no inference of acquiescence is justified under the facts of this case.

We have not overlooked our decision in *Newsome v. Anderson,* 164 Kan. 132, 187 P. 2d 495, but find it not in point. In that case, Newsome brought a proceeding in probate court seeking to revoke a former order of the court probating his grandfather's will. The probate court held against Newsome and dismissed the proceeding, and Newsome's attorney (or a relative of Newsome at the direction of Newsome's lawyer) paid the accrued court costs. Thereafter, Newsome attempted to appeal from the probate court's order of dismissal, and this court held that his right of appeal was barred on the basis of acquiescence.

We believe the facts in Newsome clearly distinguish that case from the present action. The court costs which had accrued in that matter resulted from an action begun in probate court by a private litigant to set aside a prior judgment upholding a will. Newsome's posture was essentially hostile to that of the executor, and when he failed to prevail in his contention, costs were assessed against him as the defeated party in a lawsuit he himself had initiated. The ordinary costs of administration doubtless had been paid from the estate long before that. In the case now before us, ordinary costs of administration were paid by the executrix from estate funds. The record shows that the items which composed the costs were of the usual, garden-variety type of statutory fees routinely charged against and paid from every estate administered in Kansas. The factual situations in the two cases have little, if anything, in common.

We hold that the facts shown to exist in this case do not evidence acquiescence on the part of Mrs. Staplin, and that her right to appeal from the judgment of the probate court allowing attorney fees was not foreclosed by her payment of probate costs. The judgment of the court below is reversed with directions to reinstate Mrs. Staplin's appeal.