**ALLIED CONCORD FINANCIAL COR- PORATION, Appellant,**

**v.**

**HAWKEYE LUMBER CO., Appellee.**

**No. 53748.**

Supreme Court of Iowa.

Nov. 12, 1969.

Waldo M. Wissler, Davenport, for appellant.

Spayde, Rielly & Sellers, by Robert J. Spayde, Oskaloosa, for appellee.

SNELL, Justice.

Plaintiff, Allied Concord Financial Corporation, appealed from trial court's rulings overruling plaintiff's motion for Summary Judgment and sustaining defendant's Motion to Dismiss.

The rulings complained of were made before any pleading by defendant.

A motion is not a pleading. Rule 69, Rules of Civil Procedure.

The merits of the case are not before us for determination and we express no opinion thereon. Our consideration is limited to the sufficiency of the petition and the two motions.

The briefs and arguments of the parties assume and argue evidentiary matter outside the matter before us.

Plaintiff's petition alleges:

1. Plaintiff and defendant are corporations. Plaintiff is a finance company and defendant sells building materials.

2. Plaintiff and defendant cooperated in building and financing construction and reconstruction of buildings.

3. Sometime prior to January 3, 1967, defendant requested plaintiff to finance construction of a barn for one Duane D. Sharpless.

4. On January 3, 1967, defendant received from plaintiff "Notice of Approval" of credit of Sharpless. Copy was attached as "Exhibit A" to plaintiff's petition. In its pleading plaintiff considers this a contract to purchase the commercial paper, used to finance the building of the barn.

5. The documents executed pursuant to the alleged contract were:

a. January 17, 1967 promissory note, made by Sharpless with Hawkeye as payee and assigned to plaintiff without recourse.

b. January 17, 1967 security instrument [mortgage] of even date, wherein Sharpless granted to Hawkeye certain described real estate, subject to Sharpless' repayment of note as per schedule.

6. These documents as per Notice of Approval, were assigned by Hawkeye to Allied on January 17, 1967.

7. The consideration paid by plaintiff for the paper according to the exhibit attached to the petition was $3,840, the note having been discounted from $5,247.60. Sharpless ceased paying on the note December 10, 1967. The plaintiff then sought to foreclose on its security instrument, but found Sharpless' title encumbered. Whether there was an equity therein does not appear.

On April 24, 1968, Sharpless filed voluntary petition in bankruptcy. However, the petition does not say what happened, if anything, to any claims or the encumbered property.

Plaintiff's claim is stated as follows: "Suit by Finance Company against Lumber Company * * * because of breach of contract by Lumber Company to furnish Finance Company with a first lien on property of customer."

Plaintiff's motion for summary judgment says: "This is a suit on account."

The trial court overruled the motion for summary judgment for "failure to comply with rules as amended."

I. Plaintiff's motion for summary judgment filed September 28, 1968 was as follows:

"Plaintiff moves the court to enter summary judgment in favor of plaintiff and against defendant, as provided by rules 237–240, and as grounds therefor states:

"1. This is a suit on account for a liquidated sum.

"2. Affidavit required by law is on file.

"3. Defendant has entered its appearance."

Plaintiff in brief and argument concedes that the motion did not follow rule 237, Rules of Civil Procedure, as revised. See chapter 475, Laws of the 62nd General Assembly. We quote:

" * * * (for some reason an old form was used) but it did move the court to enter summary judgment in favor of plaintiff, the essential part of both the old and new rule. * * *"

We need not discuss an admitted inadequacy. We do not agree that a naked request for judgment is enough.

Under both the old rule and the revised rule the motion was inadequate and contradictory.

The motion says the suit is "on account for a liquidated sum." Plaintiff says the suit is for breach of contract.

The affidavit referred to was not on file.

A long narrative affidavit was filed later. It sets forth what plaintiff's credit manager says was the background, chronology, intent and result of the transaction. Except for conclusions there is no claim or suggestion that defendant had no defense.

The trial court's overruling of plaintiff's motion for summary judgment is affirmed.

II. As to appellant's second assigned error, we reach a contrary conclusion. The court below dismissed plaintiff's petition "for the reasons stated" in defendant's motion.

These reasons were: that on its face, the petition showed a prior election of remedies inconsistent in law; that it showed an absolute defense, in that the note and the mortgage securing it were transferred by endorsement "without recourse"; that the petition stated no ultimate facts distinct from conclusions.

When considering a motion to dismiss, well pleaded, relevant, issuable facts are deemed true, but conclusions not supported by pleaded ultimate facts are not admitted. Hinrichs v. Iowa State Highway Commission, 260 Iowa 1115, 1128, 152 N.W.2d 248 and cases cited therein.

Neither plaintiff's petition nor the exhibits attached thereto are models of clarity. The petition is not an example of well pleaded ultimate facts. It does, however, allege enough factual material to enable plaintiff to offer evidence in support of ultimate facts and thus sustain a right to recover.

We quote from Halvorson v. City of Decorah, 258 Iowa 314, 319, 138 N.W.2d 856, 860:

"Where a doubtful pleading is directly attacked by motion before issue is joined or in the answer as permitted by rule 72, R.C. P., it will be resolved against the pleader. [Citations] If, however, the petition does allege ultimate facts upon which plaintiff might recover and states a claim under which evidence may be introduced in support thereof, * * * the petition should be construed in the light most favorable to the plaintiff with doubts resolved in his favor and the allegations accepted as true. Anthes v. Anthes, 255 Iowa 497, 503, 122 N. W.2d 255, 258; Newton v. City of Grundy Center, 246 Iowa 916, 921, 70 N.W.2d 162.

"A motion to dismiss is sustainable only where it appears to a certainty a plaintiff would not be entitled to any relief under any state of facts which could be proved in support of the claims asserted by him. Newton v. City of Grundy Center, supra."

Applying these rules to the petition now before us we find a claim has been stated under which evidence may be introduced to support some relief.

Paragraph 3 of plaintiff's petition says:

"Prior to January 3, 1967, defendant requested plaintiff to finance the building of a barn by it for one Duane D. Sharpless and on January 3, 1967 plaintiff agreed to buy the Sharpless paper as per its 'Notice of Approval—Secured Transaction' which is attached marked Exhibit 'A' and made a part hereof. Plaintiff specifically provided that its purchase of this paper was subject to receiving 'Security Instrument' on the 10 acres of land owned by Duane D. Sharpless, upon which the barn was to be built, which 'Security Instrument' would be a first lien upon the property."

The Notice of Approval attached as an exhibit to the petition lists the "Conditions to Notice of Approval" as follows:

"Properly executed Note or Contract, in the gross amount shown, endorsed without recourse unless otherwise specified below, will be purchased when all work has been completely done, materials delivered, and we have received the items checked below:

"A. ☒ Completed and signed credit application, conforming in all respects to the information already furnished to us by you.

"B. ☒ Accurate copy of the contract between you and the applicant, conforming in all respects to the information already furnished to us by you.

"C. * * *

"D. * * *

"E. ☒ Fire and extended coverage insurance covering all prior liens plus at least the net amount of this transaction, with loss payable endorsement in our favor, *or we will deduct $_____ from this transaction.*

"F. * * *

"G. ☒ Other: Subject to a Security Instrument, which is enclosed on the 10 acres which is free and clear. This will be first lien security."

Plaintiff's petition alleges that plaintiff bought the security instruments; that the debtor defaulted and filed petition in bankruptcy; plaintiff attempted to foreclose its "Security Instrument"; the land was not free and clear of other liens and the debtor did not have good title.

It is difficult to determine the premise upon which plaintiff rests its case, but its statement of the case says it is on a written contract.

We cannot say that the petition is insufficient to permit proof of some right to recover.

We are not holding that plaintiff's evidence will be sufficient or that defendant cannot successfully defend.

III. Defendant's motion to dismiss says:

"As shown by the plaintiff's petition, the plaintiff has attempted to foreclose its 'Security Instrument' and the note as signed by this defendant 'without recourse' to the plaintiff against Duane D. Sharpless, in bankruptcy, and therefore has made an election of remedies and cannot now bring this suit against this defendant."

Plaintiff's petition does say that Sharpless filed a voluntary petition in bankruptcy and that plaintiff attempted to foreclose its "Security Instrument" and "then, for the first time, discovered that the 10 acres of land upon which the barn was situated and upon which it was to have a first lien, was not free and clear of other liens and that said Sharpless did not even have good title to the land."

■ To constitute an election of remedies the alternative remedies must be available and inconsistent.

■ We need only determine whether plaintiff's petition discloses such inconsistencies as to constitute an election of remedies as a matter of law.

There is nothing in the petition to show as a matter of law that plaintiff had made any such election as to bar an action against defendant.

There is nothing to indicate that plaintiff had anything to do with Sharpless' bankruptcy or what happened therein.

Plaintiff in substance says that it could not recover by foreclosure. That alone does not, as a matter of law, constitute an inconsistent election of remedies.

In Miller v. Hartford Fire Insurance Company, 251 Iowa 665, 676, 102 N.W.2d 368, 375, we said: "Just what acts amount to an election, as between inconsistent remedies, is not always easy to determine. The better rule seems to be that nothing less than the commencement of an action should amount to such an election."

In 25 Am.Jur.2d, Election of Remedies, § 22, page 664, this appears:

"The doctrine of election of remedies presupposes a choice between two or more remedies and a clear understanding of the nature of the remedies between which the election is made. A party is not barred from invoking a proper though inconsistent remedy when, in his first action, he has chosen and pursued, even to an unfavorable judgment, a remedy which was not available to him because either the facts turned out to be different from what he supposed them to be or the law applicable to the facts was found to be other than supposed. If, in truth, the party has no such remedy as he invokes, his action in pursuing it does not constitute an election * * *."

IV. The Sharpless note was assigned by defendant to plaintiff without recourse. Plaintiff's action is not based on the note. It appears to be based on an alleged breach of contract to furnish security. There is nothing in the petition to show that plaintiff has done anything relative to the note inconsistent with the present action.

V. The case is reversed and remanded for further proceedings.

Reversed and remanded.

All Justices concur.