**Lorraine Esther Chase ANDERSON,
Appellant,**

v.

**CALAMUS COMMUNITY SCHOOL DIS-
TRICT, in CLINTON COUNTY, Iowa,
and Henry Stueland, Appellees.**

**No. 53695.**

Supreme Court of Iowa.

Feb. 10, 1970.

Simon W. Rasche, Jr., Clinton, for appellant.

Warren C. Johnson, Clinton, for appellees.

MOORE, Chief Justice.

Plaintiff's petition alleges defendant, Henry Stueland, in the course of his employment for defendant school district in several enumerated particulars negligently operated a school bus on December 21, 1967 with the result it struck plaintiff's automobile at an intersection. In separate divisions she seeks to recover her resulting damages from each defendant.

Defendants filed a motion to dismiss plaintiff's petition on the ground it showed on its face Stueland was engaged in a governmental activity on behalf of the school district and both were protected by governmental immunity for any damages suffered by plaintiff.

The trial court sustained the motion to dismiss for both defendants on the ground the legislative act waiving governmental immunity as to school districts was not in effect on the date of the alleged accident. Plaintiff has appealed. Defendants have not participated in this appeal.

I. We agree with plaintiff's contention the trial court erred in sustaining the motion to dismiss in favor of defendant Stueland. The petition alleges tortious acts by him. Any then existing governmental immunity did not apply to him.

In Montanick v. McMullin, 225 Iowa 442, 280 N.W. 608, we reviewed our earlier cases, some of which were in conflict, and held an employee of government is not protected by governmental immunity from damages resulting from negligent operation of a motor vehicle although done in the course of his employment. Our holding in Montanick has often been cited and approved by us. It should have been followed by the trial court. Johnson v. Baker, 254 Iowa 1077, 1084–1089, 120 N.W. 2d 502, 506–509, and citations.

The general rule is thus stated in Mc-Quillin, Municipal Corporations, Vol. 4, pages 151, 152: "A municipal employee who commits a wrongful or tortious act violates a duty which he owes to the one who is injured and is personally liable, even though he is then engaged in a governmental function, and even though his municipal employer may be exempt from liability under the doctrine of governmental immunity." We recognize and apply this reasoning and the general rule in our rather recent cases of Genkinger v. Jefferson County, 250 Iowa 118, 120, 93 N.W. 2d 130, 132, and Moore v. Murphy, 254 Iowa 969, 972, 119 N.W.2d 759, 761.

■ II. In Boyer v. Iowa High School Athletic Ass'n, 256 Iowa 337, 127 N.W.2d 606, we discussed the long established doctrine of governmental immunity and held abrogation thereof to be a matter for the legislature. Plaintiff-appellant concedes the defendant school district was entitled to the protection of the doctrine of governmental immunity at the time of the accident involved herein unless it had been waived. Plaintiff argues it had been waived under the provisions of chapter 405, Acts of the 62d General Assembly.

Briefly stated said chapter 405 waives governmental immunity of each "Municipality" and "Governing Body" therein enumerated including school districts. Section 11 provides: "This Act shall have no application to any occurrence or injury claim or action arising prior to its effec-tive date." Section 14 provides: "This Act, being deemed of immediate importance, shall be in full force and effect on January 1, 1968, after its passage and publication in * * *." Publication was made in the two designated Iowa newspapers on July 25 and 26, 1967.

The accident here involved occurred on December 21, 1967, eleven days before the effective date of chapter 405, Acts, 62d G.A. Plaintiff's contention governmental immunity in favor of defendant school district had been waived as against her claim is without merit.

■ III. Plaintiff also argues governmental immunity in favor of school districts was waived because of the provision of Code section 285.10(6). It provides: "Power and duties of local boards. The powers and duties of the local school boards shall be to: * * *

"6. May purchase liability insurance or such other coverage as deemed necessary to protect the driver or any authorized employee from liability incurred by said driver or employee as a result of operating the bus and for damages or accident resulting in injury or death to the pupils or employees being legally transported."

Plaintiff in Boyer v. Iowa High School Athletic Assn, supra, as does plaintiff here, argued authority to purchase indemnity insurance for employees amounted to waiver of the school district's governmental immunity. We there held against plaintiff's contention. At page 348, 256 Iowa, page 612, 127 N.W.2d, we say: "The purposes for which public funds may be expended are limited by statute. The legislature recognized and relaxed the limitation by passage of laws authorizing purchase of liability insurance covering proprietary functions and officers and employees of certain public bodies. Had the legislature favored complete abrogation of the immunity rule, as plaintiff contends for, it could have said so and authorized purchase of insurance protecting against such a

claim as here asserted. It is significant the legislature did not do so."

We hold legislative authority to purchase indemnity insurance for its bus driver was not a waiver of the school board's immunity as it existed at the time of the accident here involved.

Affirmed as to defendant school district. Reversed and remanded as to defendant Henry Stueland.

All Justices concur.