AMERICAN STATES INSURANCE COMPANY and Aetna Casualty & Surety Company, Appellants,
and
Transamerica Insurance Company, Plaintiff,

v.

CITY OF DUBUQUE, Iowa, Appellee.

No. 54514.

Supreme Court of Iowa.

May 5, 1971.

David W. Leifker, Dubuque, for appellants.

David L. Hammer and Martin D. Hill of O'Connor, Thomas, Wright, Hammer & Bertsch, Dubuque; and R. N. Russo, City Solicitor, City of Dubuque, for appellee.

REES, Justice.

This is an action at law in which the plaintiffs, as subrogees of Rainbo Oil Company, seek to recover sums paid by them to their insured under the terms of the plaintiffs' respective fire insurance policies as a consequence of a fire loss at Rainbo Oil Company in Dubuque, Iowa, on February 8, 1969.

The petition of the plaintiffs is in three divisions, in each of which the respective plaintiffs assert negligence on the part of the defendant, City of Dubuque. Division I is the claim of the plaintiff American States Insurance Company seeking to recover the sum of $30,000. Division II is the claim of plaintiff Aetna Casualty & Surety Company seeking to recover the sum of $30,000. Division III is the claim of plaintiff Transamerica Insurance Company seeking to recover the sum of $50,-000. The claim pleaded in the petition in Division III, that is to say, the claim of plaintiff Transamerica Insurance Company, is not involved in the matter before us. The several plaintiffs each alleged in the separate divisions of the petition essentially the same facts, attributing the loss of their insured to a shortage of water available to fight a fire which occurred at the place of business of Rainbo Oil Company in the City of Dubuque on February 8, 1969, which destroyed the insured's building and its contents. The plaintiffs allege the loss to their insured resulted from the negligence of the City of Dubuque in not affording sufficient water to fight the fire.

The shortage of water is alleged to have been a proximate result of specified negligent acts or omissions of the defendant City.

Upon the filing of the petition of the plaintiffs, defendant City filed its motion to dismiss as to the claims of American States Insurance Company and Aetna Casualty & Surety Company on the grounds that the notice required to be presented to the City within sixty days after loss or injury in accordance with section 613A.5, Code of Iowa, 1966, was not sufficient in that:

(1) It failed to set forth the place of the alleged loss; and

(2) It failed to set forth the circumstances of the alleged loss. Both items are required by the cited statute. The trial court sustained ground two of the motion to dismiss and overruled ground one insofar as the motions applied to both of the appellant-plaintiffs. We affirm the trial court.

Section 613A.5, Code, 1966, which we must apply to the matter before us, is as follows:

"*Limitation of actions.* Every person who claims damages from any municipality for or on account of any wrongful death, loss or injury within the scope of section 613A.2 shall commence an action therefor within three (3) months, unless said person shall cause to be presented to the governing body of the municipality within (60) days after the alleged wrongful death, loss or injury a written notice stating the time, place, and circumstances thereof and the amount of compensation or other relief demanded. Failure to state the amount of compensation or other relief demanded shall not invalidate the notice; providing, the claimant shall furnish full information regarding the nature and extent of the injuries and damages within fifteen (15) days after demand by the municipality. No action therefor shall be maintained unless such notice has been given and unless the action is commenced within two (2) years after such notice.
* * *"

We have been called upon to construe and apply the above cited statute twice since its enactment. See Boyle v. Burt (Iowa 1970), 179 N.W.2d 513, and Sprung v. Rasmussen (Iowa 1970), 180 N.W.2d 430. In Boyle v. Burt we were concerned with the effort of a defendant held liable to attempt recovery from the municipality involved for contribution or indemnity, and in that case there was an entire lack of notice of claim. In Sprung we were concerned with the timeliness of filing of notice of claim in an instance where the claimant was allegedly incapacitated beyond the notice period.

The notices in the case at bar are, to say the least, unusual. The notice in each case is captioned, "Notice of Subrogation Interest and Lien", is directed to City Clerk, City of Dubuque, Dubuque, Iowa, and embraces the following language:

"You are hereby notified that *various* Insurance Company is the subrogee of *Rainbo Oil Co.* for loss and damage sustained by him to his property as a result of the casualty which occurred on the *Eighth* day of *February 1969.*

"Attached hereto is a copy of the subrogation agreement and assignment of claim executed by *Rainbo Oil Co.* subrogating the *various* Insurance Company to the above mentioned claim. In accordance with said subrogation agreement, the undersigned does hereby claim a lien on any proceeds that may be paid on said claim whether by way of settlement or judgment.

"In the event that you are insured, it is important that this letter be forwarded to your insurance company for their protection." (Italics supplied)

The notice is apparently signed by an adjuster for an adjustment bureau, and was presented to the City Clerk of the City of

Dubuque and file-stamped April 2, 1969. In contrast, the notice of claim of the third plaintiff who is not involved in this appeal, is in letter form on the stationery of Transamerica Insurance Group, dated April 4, 1969, directed to City Clerk's office, and is in the following language:

"The Transamerica Insurance Company provided coverage on a building at 300 South Main Street, Dubuque, Iowa, owned by the Rainbo Oil Company which was destroyed by fire on February 8, 1969. The Transamerica Insurance Company has reimbursed the Rainbo Oil Company the total amount of $50,000. Facts obtained indicate that a faulty fire hydrant located nearby contributed to the total loss.

"Please accept this letter as a notice of our subrogation rights."

The letter appears to have been signed by one Kelleher, representing the plaintiff Transamerica.

 We find nothing in either the form or content of the Notices of Subrogation Interest and Lien which, given the most liberal interpretation, could possibly be construed as complying with the statute. The notices in fact serve to do nothing more than to put the defendant City on notice that *some* insurance company, without identifying it, had been subrogated to the rights of Rainbo Oil Company, which inferentially, put the City on notice that in the event a settlement was effected that an insurance company, unidentified, claimed a lien on the proceeds of the settlement.

Assuming liability of the defendant City to the plaintiffs or their subrogor, such liability, if any, arises under the provisions of section 613A.2, Code 1971, which provides,

"Except as otherwise provided in this Chapter, every municipality is subject to liability for its torts and those of its officers, employees, and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function."

The statute last cited is referable to section 613A.5 by the terms of the latter statute.

 Appellants contend the two notices of the plaintiff-appellants should be read together with the notice of the plaintiff Transamerica Insurance Company to determine the legal sufficiency of plaintiff-appellants' notices. We feel we would be extending the true import and literal meaning of section 613A.5, Code, 1971, by adopting appellants' views in this regard. The notice required by 613A.5 is essential to the maintenance of suit, and its minimal content is specifically a requirement of the statute.

We are constrained to the view trial court was correct in sustaining defendant's motion to dismiss. This case is, therefore, affirmed.

Affirmed.

All Justices concur, except REYNOLDSON, J., who takes no part.