Marlene **VERMEER**, by her Father and Next Friend, Bernard Vermeer, and Bernard Vermeer, Appellants,

v.

Mary **SNELLER** et al., Appellees.

No. 54537.

Supreme Court of Iowa.

Sept. 27, 1971.

Norman G. Bastemeyer, of Klay & Bastemeyer, Orange City, for appellants.

Robert E. Beebe, of Kindig, Beebe, McCluhan & Rawlings, Sioux City, for appellees John Wesselink and The Wessenlink Insurance Agency, Inc.

Gerald M. Kraai, of Shull, Marshall, Marks & Vizintos, Sioux City, for appellee Mary Sneller.

REYNOLDSON, Justice.

This is an appeal from the trial court's order sustaining motions by defendants Mary Sneller and Sioux Center Community School District to dismiss plaintiffs' petition for failure to comply with the notice of claim requirement of 62 G.A., ch. 405 (1967), now § 613A.5, Code, 1971.

Plaintiffs' petition, in several divisions, was filed on April 23, 1970. Plaintiff Marlene Vermeer was a minor 15 years old on April 24, 1968, the date she was allegedly injured while participating in a physical education class at defendant district's high school. Defendant Mary Sneller was class instructor at the time of the accident.

The petition further alleges that immediately following the accident Marlene Vermeer reported her injury to the secretary of the principal of the high school.

On May 31, 1968 defendant John Wesselink of Wesselink Insurance Agency prepared a written report of the time, place, circumstances and extent of plaintiff's injuries. Wesselink Insurance Agency was alleged to be agent of defendant school district in the acquisition and administration of group insurance for accidental injury to students and of liability insurance for the school district and its agents and employees. This agency was also alleged to be agent of defendant district for the purpose of receiving all claims against the district for personal injury or medical expense.

After making an investigation and report of the accident, Wesselink is alleged to have retained a copy of the report and to have filed said report with defendant district's group medical insurer under a group medical policy.

Plaintiffs' petition further alleged that subsequently Charles Irwin, superintendent of defendant school district, having knowledge of the time, place, circumstances and nature of plaintiff's accident and injuries, submitted a written claim to the district's liability insurance carrier.

Plaintiffs' petition concludes by alleging they have substantially complied with the requirements of § 613A.5, or in the alternative, that the school district has waived the

statutory requirements or is now estopped from claiming such failure as a defense.

Defendant Wesselink and Wesselink Insurance Agency successfully moved to dismiss divisions of the petition affecting them. Plaintiffs do not appeal from this ruling, but do appeal from the trial court's ruling sustaining similar motions filed by defendants Mary Sneller and Sioux Center School District.

Four errors are asserted and relied upon for reversal:

First, plaintiffs allege trial court erred in dismissing plaintiffs' petition as to defendant school district. This ruling impliedly sustained defendant's contention that a municipality cannot waive strict compliance with the statutory notice of claim requirement, and rejected plaintiffs' allegation defendant was estopped from asserting this defense.

Second, plaintiffs contend trial court erred in not finding plaintiffs had alleged facts constituting substantial compliance with the notice of claim requirement.

Third, plaintiffs allege Marlene Vermeer's minority tolled the notice statute and the court thus erred in dismissing her causes of action.

Fourth, plaintiffs allege trial court erred in dismissing plaintiffs' causes of action against Mary Sneller because the notice of claim statute, § 613A.5, is applicable only to actions brought against a municipality and compliance with it is not a condition precedent to an action against the individual agent or employee of a municipality.

We reverse the trial court and remand on the basis of the second and fourth assigned errors.

I. For clarity we first consider the fourth assigned error. We note the statute involved, chapter 613A, provides in relevant sections:

Section 613A.5: "Every person who claims damages from any municipality * * * shall commence an action therefor within three (3) months, unless said person shall cause to be presented to the governing body of the municipality within (60) days after the alleged * * * loss or injury a written notice stating the time, place, and circumstances thereof * * *."

Section 613A.8: "The governing body shall defend any of its officers and employees, whether elected or appointed and, except in cases of malfeasance in office or willful or wanton neglect of duty, shall save harmless and indemnify such officers and employees against any tort claim or demand, whether groundless or otherwise, arising out of an alleged act or omission occurring in the performance of duty."

Plaintiffs argue the notice of claim requirement stated in § 613A.5 applies only to an action against a municipality and has no application to an action against an employee for the employee's negligence. Therefore, plaintiffs reason defendant-employee Mary Sneller is not entitled to benefit of the 60-day notice of claim provision and trial court erred in dismissing plaintiffs' actions against her, even if the notice to the school district is held to be lacking or defective.

Defendants argue trial court did not err in dismissing the causes of action against Mary Sneller because the requirement in § 613A.8 that employer defend, save harmless and indemnify the employee makes defendant district and not Sneller the real party in interest. They thus contend substantial compliance with § 613A.5 is still a condition precedent to maintaining an action against an individual employee of the municipality under chapter 613A, Code, 1971.

It is true that § 613A.8 provides for indemnification of the employee by the municipality, except in cases of malfeasance in office or willful or wanton neglect of duty. There is nothing in chapter 613A, Code, 1971, indicating it was the legislature's intent to abolish the right of an

injured party to sue a municipal employee for the employee's negligence. Indeed, if this court were to follow the reasoning of defendants we would have the anomalous situation of a statute which on one hand strikes down a municipality's immunity from liability, and on the other hand abolishes a long recognized cause of action against an individual municipal employee for his negligent acts.

■ Because it provides for indemnification for an employee's liability, § 613A.8 implies an employee can be held liable in an individual cause of action. While we need not undertake a lengthy discussion of the law of indemnity, we observe that as a general proposition a cause of action for indemnity accrues or becomes enforceable when the indemnitee's legal liability becomes fixed or certain as in the entry of a judgment or a settlement. Kroblin Transfer, et al. v. Birmingham Fire Ins. Co., 239 Iowa 15, 18, 30 N.W.2d 325, 327 (1948); Duke v. Tyler, 209 Iowa 1345, 1349, 230 N.W. 319, 320–321 (1930); Samuelson v. Chicago, Rock Island & Pacific R. R. Co., 287 Minn. 264, 268, 178 N.W.2d 620, 624 (1970); Furnish, Distributing Tort Liability: Contribution and Indemnity in Iowa, 52 Iowa Law Review 31, 53.

■■ Generally, the right to indemnification is not automatic and is not an unqualified promise to pay by the indemnitor. See Chicago & N. W. Ry. Co. v. Kramme, 244 Iowa 944, 947, 59 N.W.2d 204, 206–207 (1953). Nor does § 613A.8 impose on the municipality an absolute obligation to indemnify.

A cause of action against a municipal employee individually, for his negligence, has long been recognized in Iowa. The court in Anderson v. Calamus Community Sch. Dist., 174 N.W.2d 643 (Iowa 1970) rejected a contention by the defendant school bus driver that he was protected by the cloak of his employer school district's governmental immunity. The court held an employee of a municipality who commits a

wrongful and tortious act violates a duty to the injured party and is personally liable even though his governmental employer may be exempt from liability under the doctrine of sovereign immunity. Anderson v. Calamus Community Sch. Dist., supra, 174 N.W.2d at 644. The Anderson case involved a school bus accident which occurred 11 days before the effective date of what is now chapter 613A, Code, 1971, abrogating a municipality's governmental immunity from liability.

The rule enunciated in *Anderson,* supra, was followed in Johnson v. Baker, 254 Iowa 1077, 1084–1089, 120 N.W.2d 502, 506–509 (1963); Moore v. Murphy, 254 Iowa 969, 119 N.W.2d 759, 760–761 (1963); Genkinger v. Jefferson County, 250 Iowa 118, 120, 93 N.W.2d 130, 132 (1950); Montanick v. McMillin, 225 Iowa 442, 280 N.W. 608 (1938); see Annotation 32 A.L.R. 2d 1163.

■ We therefore hold the trial court erred in dismissing plaintiffs' causes of action against Mary Sneller. The notice of claim requirements of § 613A.5, Code, 1971, do not apply to an employee of a municipality when that employee is sued in his individual capacity for his negligent acts.

II. Turning now to plaintiffs' second assigned error, we find the factual allegations of plaintiffs' petition show substantial compliance with the notice requirements of § 613A.5, Code, 1971, and we so hold.

Here the petition in part stated,

"11) That on or prior to May 31, 1968, John Wesselink, an employee of Wesselink Insurance Agency, Inc., on behalf of the plaintiffs herein, prepared a written report of the time, place and circumstances of the injury and resultant loss to plaintiffs herein and the nature and extent of the injuries and damages. *That at said time and place the Wesselink Insurance Agency, Inc., was the agent of the defendant school district for the purpose of receiving* and investigation [sic]

*all claims* against said school district for personal injury, or for medical expense. That as agent for said school district the said John Wesselink of the Wesselink Insurance Agency, Inc., retained a copy of said notice, report and claim, and elected to file said notice, report and claim with the Continental Assurance Company, the school district's insuror under Group Medical Policy VG 01413, insuring the plaintiff, Marlene Vermeer.

\* \* \* \* \* \*

"14) That the plaintiffs have substantially complied with the requirements of Chapter 405 of the Laws of the 62nd General Assembly and Chapter 613A of the 1966 Code of Iowa as amended." (Emphasis supplied)

Granting that § 613A.5 provides claimant "must cause to be presented" to the municipality's governing body a written notice within 60 days, this court has yet to decide whether presentation to an agent authorized to receive such notice would be substantial compliance with the statute. This issue was reserved in Heck v. City of Knoxville, 249 Iowa 602, 609, 88 N.W.2d 58, 63 (1958), it not being raised in the petition.

Conceding further the petition here is not a sterling example of pleading art, it can be logically interpreted to allege Wesselink Insurance Agency, Inc. was agent appointed by the school board for the purpose of receiving the statutory notice. " \* \* \* [T]he motion to dismiss is a waiver of any ambiguity and uncertainty in the pleading. 71 C.J.S. Pleading § 563c."; Case v. Sioux City, 246 Iowa 654, 659, 69 N.W.2d 27, 30 (1955). We have also held a motion to dismiss is sustainable only where it appears to a certainty a plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claims asserted by him. Allied Concord Financial Corp. v. Hawkeye Lbr. Co., 172 N.W.2d 264, 266 (Iowa 1969); Newton v. City of Grundy Center, 246 Iowa 916, 920, 70 N.W.2d 162, 164 (1955).

Nor should plaintiffs' case be stillborn because the agent prepared the notice:

"In general, a notice filed by one. other than the claimant but in the claimant's behalf is a sufficient compliance with a statute or charter provision requiring notice to be filed by the injured person, as, for example, notice filed in behalf of a minor by his next friend, parent, guardian, *or any other person acting in his behalf* \* \* \*". (Emphasis supplied)

—38 Am.Jur., Municipal Corporations, § 685, p. 390.

■ Defendant school district, obviously appreciating the legal significance of the pleading above quoted, nonetheless argues the allegations of agency are conclusions and not allegations of ultimate fact. If the allegation is a conclusion, it is a permissible conclusion. Plaintiffs should not be required to plead the evidence by which such agency will be established. Support is derived from 3 C.J.S. Agency § 312a(1), p. 244,

"In pleading an act done or contract executed by an agent of defendant, plaintiff may omit reference to the agency and allege the act or contract to be that of the defendant or he may aver the agency and authority of the agent".

See also 3 Am.Jur.2d, Agency, § 344, p. 701.

■ The general rule is that the principal is chargeable with, and bound by, the knowledge of or notice to his agent received while the agent is acting as such within the scope of his authority and in reference to a matter over which his authority extends. 3 Am.Jur.2d, Agency, § 273, p. 635; Wyckoff v. A & J Home Benevolent Ass'n. of Creston, 254 Iowa 653, 657, 119 N.W.2d 126, 128 (1962); Huff v. United Van Lines, 238 Iowa 529, 542, 28 N.W.2d 793, 799 (1947). It will not be assumed the agent failed to inform his principal of the notice presented. Celanese Corp. of

America v. Mayor and Council, 46 Del. 114, 119, 78 A.2d 249, 252 (1950); McCarthy v. Dedham, 188 Mass. 204, 206, 74 N.E. 319, 320 (1905).

The authority to receive a notice would surely be classified as a ministerial or administrative function which a governing body could delegate to a subordinate, because it involves no discretion. 2 McQuillin Mun. Corp. (3rd Ed.) § 10.41, p. 854; Powers v. Kansas City, 224 Mo.App. 70, 79, 18 S.W.2d 545, 550 (1929). In 64 C.J.S. Municipal Corporations § 2199f, p. 1042, the general rule is stated,

> "The claim must be presented or notice must be given to the particular officer, board, or body designated in the statute. *Usually, however, presentation or notice to a representative of a designated body is regarded as a sufficient compliance.*" (Emphasis supplied)

Decisions which demonstrate the split of authority on the issue are collected at 23 A.L.R.2d 969. Better reasoning is found in a number of opinions which hold statutory notice is satisfied by presentation to a representative or agent of the designated governing body or officer. Among these cases are Galbreath v. City of Indianapolis, 255 N.E.2d 225, 229 (Ind.App.1970) (city attorney had authority to accept notice on behalf of mayor); Powers v. Kansas City, 224 Mo.App. 70, 79, 18 S.W.2d 545, 550 (1929); Celanese Corp. of America v. Mayor and Council, 46 Del. 114, 119, 78 A.2d 249, 252 (1950) (notices delivered to secretary of mayor); Meredith v. City of Melvindale, 381 Mich. 572, 165 N.W.2d 7 (1969) (letter to city attorney satisfied statute requiring notice to city by serving city clerk or mayor or any member of common council); Grams v. Independent School District No. 742, 286 Minn. 481, 176 N. W.2d 536 (1970) (administrative employee assisted in composing notice which was left at administrative office; statute required presentation to governing body); Brickell v. Kansas City, Mo., 364 Mo. 679, 681, 265 S.W.2d 342, 344 (1954) (statute required notice be given mayor. "The city does not contend that its agent, the attorney who took plaintiff's deposition, was not authorized to take plaintiff's statements on behalf of the mayor.") McLendon v. City of Houston, 153 Tex. 318, 267 S.W.2d 805 (1954) (notice filed with city secretary where statute required filing with mayor and council); McCarthy v. Dedham, 188 Mass. 204, 206, 74 N.E. 319, 320 (1905) (notice required to be presented to selectman, handed to a domestic in selectman's home).

By citing the above cases from other jurisdictions we mean only to indicate we approve much of the broad rationale found in these decisions, not that we would necessarily reach the same result in a particular case if confronted by similar circumstances.

The object of the statute must be kept in mind, and it should not be given a construction that will defeat the ends of justice. 38 Am.Jur., Municipal Corporations, § 690, p. 394. Courts do not favor the defense of statute of limitations. Sprung v. Rasmussen, 180 N.W.2d 430, 433 (Iowa 1970). We have been liberal in not requiring more than substantial compliance with the terms of the notice statute and its predecessor enactments. Bowman v. City of Davenport, 243 Iowa 1135, 1143, 53 N.W.2d 249, 254 (1952); Buchmeier v. City of Davenport, 138 Iowa 623, 625, 116 N.W. 695 (1908); cf. American States Insurance Company v. City of Dubuque, 186 N.W.2d 601 (Iowa 1971). Defendant does not seriously contend this school district was deprived of an opportunity to investigate or that district's taxpayers were prejudiced in any way by presenting notice to Wesselink. The Michigan court in Meredith v. City of Melvindale, 381 Mich. 572, 579, 165 N.W.2d 7, 11 (1969) commented, "This judicial policy favoring a liberal construction is based on the theory that the inexpert layman with a valid claim should not be penalized for some technical defect". A rigid interpretation of this statute under

circumstances presented here does nothing to meet the purposes for which it was enacted but further closes the trap on unwary claimants.

A personal judgment may be obtained against a defendant in a civil action by delivering notice to any person residing in his dwelling house who is at least eighteen years of age, rule 56(a), Rules of Civil Procedure. We do not inquire whether defendant ever received the original notice. Permitting an authorized agent to receive notice under § 613A.5 should offend neither our concepts of statutory interpretation nor our sense of fairness. Due process is not even involved.

■ For the above reasons we hold the allegations of plaintiffs' petition show substantial compliance with statutory notice requirements. The court erred in sustaining the motion to dismiss plaintiffs' causes of action against defendant school district.

III. Because we now rule allegations of the petition demonstrated substantial compliance with § 613A.5 notice requirements as to defendant district, it is unnecessary for us to consider plaintiffs' first and third assignments of error relating to waiver, estoppel and plaintiff Marlene Vermeer's minority.

IV. This case was submitted on May 6, 1971. On July 28, 1971, defendants filed a motion to dismiss plaintiffs' appeal. The motion disclosed court costs below in the amount of $51.10 were voluntarily paid by the plaintiff Bernard Vermeer on July 7, 1971. Defendants claim plaintiffs have thus waived their right of appeal. Resistance filed by plaintiffs shows the payment was made as required in a title opinion on real estate in which Bernard Vermeer had an interest. The opinion was rendered by an attorney other than counsel who appear for plaintiffs here, and was for the purpose of obtaining a loan.

In Boone v. Boone, 160 Iowa 284, 137 N.W. 1059 (1912), we held, in a well reasoned opinion by Judge Weaver, a pay-ment of costs taxed against a party to litigation is not a waiver of his right to have the real controversy reviewed upon appeal. Our later decisions denying unsuspecting litigants their day in this court did not follow *Boone* or the prevailing rule in other jurisdictions. 4 C.J.S. Appeal & Error, § 214d, pp. 643–644; 4 Am.Jur.2d, Appeal and Error, § 261, p. 757. An annotation commencing at 39 A.L.R.2d 194 collects cases from 12 jurisdictions which permit the appeal despite cost payment. Three states, including Iowa, take the opposite view. One of these, North Dakota (also listed with the majority rule states), has now resolved any ambivalence in favor of the rule permitting appeal. St. Vincent's Nursing Home v. Department of Labor, 168 N.W.2d 265, 266 (North Dakota 1969). Only Iowa and Kansas have remained opposed to the majority, and the Kansas supreme court may be retreating from its position. In re Estate of Markham, 195 Kan. 436, 407 P.2d 239 (1965). Minnesota and South Dakota are additional jurisdictions now aligned with the 12 states indicated in the annotation, supra, as following the majority rule. Patnode v. May, 182 Minn. 348, 234 N.W. 459 (1931); Commercial Service Corp. of Dell Rapids v. L. Paulle-Midway Fixture & Show Case Co., 75 S.D. 409, 66 N.W.2d 523 (1954). We find no recent cases from any jurisdiction denying the appeal except in Iowa and Kansas.

We have said waiver is the voluntary relinquishment of a known right. Babb's, Inc. v. Babb, 169 N.W.2d 211, 213 (Iowa 1969); Perkins v. City National Bank of Clinton, 253 Iowa 922, 935, 114 N.W.2d 45, 52–53 (1962). It must be made intentionally and with knowledge of the circumstances. Grandon v. Ellingson, 259 Iowa 514, 521, 144 N.W.2d 898, 903 (1966). Certainly it would be ignoring realities to say these plaintiffs, in paying the minimal costs below, knowingly and intentionally, with knowledge of the circumstances, waived their right to a decision from this court.

This case demonstrates the harshness of the minority rule. The magnitude of the problem and the number of litigants who have lost their appeal rights cannot be discerned by examination of our opinions alone. A number of appeals have been dismissed on the same ground by court order without opinion.

■ As a matter of public policy, we should look with favor upon payment of costs at the lower court level. These costs are a mere incident to the real controversy and separable therefrom. Section 686.5, Code, 1971. Payment benefits the public and courts and can prejudice no one other than the payor. We therefore hold payment of court costs does not in itself constitute an acquiescence in a lower court judgment or a waiver of an appeal in this court. In absence of a showing of actual intent to abandon appeal the payment of court costs is immaterial to the appellate process. Our prior decisions out of harmony with this majority rule must be and are overruled, and the motion to dismiss is also overruled.

Reversed and remanded.

MOORE, C. J., and STUART, MASON, BECKER and UHLENHOPP, JJ., concur.

REES and LeGRAND, JJ., dissent.

RAWLINGS, J., takes no part.

REES, Justice (concurring in result, but dissenting as to Division II).

I concur in the result reached by the majority and would reverse on the premise trial court erred in dismissing plaintiffs' causes of action against defendant Sneller. However, I am unable to agree with the majority in holding the factual allegations of plaintiffs' petition show substantial compliance with the notice requirements of section 613A.5, Code.

I. We have refused to extend the true impact and literal meaning of section 613A.5, Code. American States Ins. Co. v. City of Dubuque (Iowa), 186 N.W.2d 601, 604. The cited section lays down the minimal essentials of the notice as to form and context and specifically provides for presentment of the notice to *the governing body of the municipality.* Irrespective of the pleaded conclusion, which the majority characterizes as a permissible one, the facts pleaded must be strained to permit of the result reached by the majority.

Nor am I satisfied the principles enunciated by this court in Heck v. City of Knoxville, 249 Iowa 602, 88 N.W.2d 58, and Halvorson v. City of Decorah, 258 Iowa 314, 138 N.W.2d 856, do not provide us with the proper answer to this question. These two cases involve notice of claim provisions of section 614.1(1), Code 1966, which did not differ materially from the notice requirements of section 613A.5, Code. The Heck and Halvorson cases were decided prior to the enactment of chapter 613A, Code, and the abrogation of the doctrine of governmental immunity, but any policy changes implicit in the adoption of chapter 613A must be influenced by this court's pronouncements in Heck and Halvorson.

It is not improbable the insurance agent in the matter before us, in addition to his admitted relationship to the school district, might have been the agent for plaintiffs in securing for them health, accident or hospitalization insurance, and may have received reports of Marlene Vermeer's injuries in that relationship. Assuming such to be true, the rationale followed by the majority would subject the school district to plaintiffs' suit in just such a factual situation.

I would affirm the trial court in its finding the plaintiffs have not substantially complied with the statutory requirements of notice precedent to suit.

II. The conclusion of the majority that petition of plaintiffs demonstrated substantial compliance with section 613A.5 notice requirements as to defendant school

district makes it obviously unnecessary for us to consider plaintiffs' first assignment of error relating to waiver and estoppel.

Plaintiffs' third assignment of error relative to their assertion Marlene Vermeer's minority should act to toll the notice of claim requirements of section 613A.5 until she attains majority is flatly and squarely before us and should receive our attention in this opinion.

Section 614.8, Code 1971 provides for minority tolling the statute of limitations, but by its terms applies only to the time limitations and to actions referred to in chapter 614, Code 1971. Absent specific statutory provisions, nothing (including minority or disability) tolls a statute of limitations. Overbeck v. Dillaber, 165 N. W.2d 795, 796 (Iowa 1969). Section 613A.-5 provides for disability extending the period of time in which an incapacitated or injured person can present the required notice of claim to a municipality. Sprung v. Rasmussen, 180 N.W.2d 430, 433 (Iowa 1970). There is nothing in the provisions of section 613A.5, Code 1971, which provides for a tolling of the notice of claim period because of the minority of the claimant. Without a provision in the statute allowing it to be tolled for minors, and noting that it is within legislative power to put adults and minors on an equal basis in regard to statutes of limitations (see Lane v. Travelers Ins. Co., 230 Iowa 973, 977, 299 N.W. 553, 554), we should now hold that the minority of Marlene Vermeer did not act to toll the notice of claim period of section 613A.5, Code 1971.

I would reverse the trial court as to the fourth assignment of error and otherwise affirm.

LeGRAND, J., joins in this dissent.

MASON, Justice.

I concur in the majority opinion as written but agree with Justice REES, the third assignment of error should be determined.